COMMONWEALTH *vs.* JOHN F. KILEY.

Norfolk.    November 25, 1889. — December 31, 1889.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Forfeiture of License — " Conviction."*

The word "conviction," in the St. of 1887, c. 392, providing that "the conviction by a court" of competent jurisdiction of a licensee for violating any of the provisions of the laws relating to intoxicating liquors "shall of itself make the license of such person void," implies a final judgment of the court.

COMPLAINT for the sale, on March 7, 1889, of intoxicating liquors. Trial in the Superior Court, before *Pitman*, J., who reported the case for the determination of this court, in substance as follows.

The defendant, in making the sale in question, acted as the bar-keeper of one Powderly, who was duly licensed to sell intoxicating liquors by a license covering the date of the sale. On December 12, 1888, Powderly was found guilty by a verdict of the jury at a trial in the Superior Court, on an appeal from a district court, on a complaint charging him with maintaining a common nuisance during a portion of the time covered by the license, upon evidence of certain sales in violation of the conditions thereof. Exceptions were duly taken at the trial, and argued in the Supreme Judicial Court, from which a rescript was sent down on February 9, 1889, at a time when the Superior Court for the county of Norfolk was not in actual session ;

and no further action was had in that case prior to the sale in question.

The government contended that Powderly had been duly convicted, before the date of the sale, in a court of competent jurisdiction, of having violated the conditions of his license within the meaning of the statute, and that his license thereupon became void, and was no protection to the defendant.

The defendant contended that there had been no final conviction of Powderly, and that his license had not been avoided. The judge ruled that Powderly had been duly convicted within the meaning of the statute, and that the defendant could not justify his sale ; and the jury returned a verdict of guilty.

*J. L. Eldridge*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

KNOWLTON, J.    In *Commonwealth* v. *Gorham*, 99 Mass. 420, 422, it was said that " the term ' conviction' is used in at least two different senses in our statutes.    In its most common use it signifies the finding of the jury that the prisoner is guilty ; but it is very frequently used as implying a judgment and sentence of the court upon a verdict or confession of guilt."    The statutes referred to in that case fully sustain the statement in the opinion.

The St. of 1887, c. 392, provides that " the conviction by a court of competent jurisdiction of a person licensed under the provisions of chapter one hundred of the Public Statutes, for violation of any of the provisions of said chapter, and the several acts in amendment thereof, shall of itself make the license of said person void."    Under this provision, the effect of a conviction of the kind named is to deprive the defendant of a valuable right, without an opportunity for further trial or investigation.    We are of opinion that nothing less than a final judgment, conclusively establishing guilt, will satisfy the meaning of the word " conviction " as here used.    At any time before a final judgment of the court, a motion in arrest of judgment may be made, or the verdict may be set aside upon a motion for a new trial, on the ground of newly discovered evidence, or for other good cause ; and, upon further proceedings, it may turn out that the defendant is not guilty.

At the time of the sale relied on in the present case, the verdict of the jury in the former trial had not been followed by a judgment, and the defendant had not been convicted within the meaning of this statute.                    *Verdict set aside.*