[File No. Cr. 167.]

IN THE MATTER OF THE PETITION OF CLIFFORD CHAM-
BERS FOR A WRIT OF HABEAS CORPUS.

(285 N. W. 862.)

Opinion filed May 8, 1939.

*J. M. Hanley,* for petitioner.

*P. O. Sathre,* Assistant Attorney General, and Ray Ilvedson, State's Attorney, for respondent.

BURKE, J. This is an application for a writ of habeas corpus. On March 19, 1937, in the district court of Ward county, the petitioner, Clifford Chambers, was found guilty of the crime of engaging in the liquor traffic as a second offense. On March 26, 1937, he was sentenced to imprisonment in the state penitentiary for a term of two years. Upon appeal to this court, the judgment of conviction was affirmed. Thereafter the petitioner appealed the case to the Supreme Court of the United States. On March 6, 1939, the Supreme Court of the United States "ordered and adjudged" that the appeal be dismissed and that "this cause be and the same is hereby remanded to the said supreme court of the state of North Dakota to be proceeded in according to law and justice." The mandate of the supreme court of the United States upon its order and judgment dismissing petitioner's appeal, issued on April 10, 1939, was received by this court on April 13, 1939. Immediately upon receipt of said mandate, this court remitted its affirmance of the judgment of conviction to the district court of Ward county. On April 17, 1939, the district court of Ward county, upon receipt of the remittitur from this court, ordered that petitioner be delivered to the warden of the state penitentiary in execution of the judgment and sentence entered in said action. In pursuance of said order, judgment and sentence, the petitioner is now confined in the state penitentiary. He made application to the district court of Burleigh county for a writ of habeas corpus and upon its denial, made this application to this court. In the application the warden of the penitentiary is named as respondent. The matter is here upon our order to

show cause and the state's attorney of Ward county and the attorney general have appeared and made return in behalf of the respondent.

The crime of which the petitioner had been convicted was committed on November 27, 1935. At the general election held on November 3, 1936, an initiated measure repealing the law by which "engaging in the liquor traffic" was made a crime, was adopted by the people. The petitioner's trial and conviction were subsequent to the said repeal but by virtue of § 7316, Comp. Laws of 1913, the penalty or punishment prescribed by such law for a violation thereof, prior to repeal, remained in full force and effect. State v. Houge, 67 N. D. 251, 271 N. W. 677. The Twenty-sixth Session of the Legislative Assembly of this State amended and re-enacted § 7316, N. D. Comp. Laws to read as follows: "The repeal of any statute by the Legislative Assembly or by the people by an initiated law, shall not have the effect to release or extinguish any penalty, fine, liability, or forfeiture incurred under such statute, but as to cases tried before, or subsequent to, the repeal of such statute, it shall have the effect of extinguishing any jail or prison sentence, that may be, or has been, imposed by reason of said law, unless the repealing act shall expressly provide that the penalties of imprisonment shall remain in force as to crimes committed in violation of such law prior to its repeal. In other respects, such act shall remain in force only for the purpose of the enforcement of such fine, penalty, or forfeiture."

This act, House Bill 259, was adopted as an emergency measure and it became effective on March 18, 1939, upon being approved by the Governor.

The petitioner urges that his situation immediately after the effective date of said amendment, was the same as if the statute, under which he had been charged and tried, had been repealed without any provision in the repealing statute itself or in a general statute which saved the penalties for offenses committed prior to the repeal; that, upon such date, his appeal from the judgment of conviction was still pending and that thereafter there was no power in any court to enforce the judgment and sentence against him. The respondent contends that the amendment relied on, in so far as it may be construed to effect the release of the petitioner, contravenes § 76 of the state Constitution as amended by Article 3 of Amendments to the Constitution in that the

enactment of such amendment amounts to an exercise of the power to pardon after conviction, a power which the Constitution vests exclusively in the Governor acting in conjunction with the Board of Pardons.

The amendment in question is not a repeal of the general savings statute. It is a re-enactment and it is still a savings statute. Under its' terms, the repeal of a criminal statute will not operate to end a prosecution for a violation of the statute prior to repeal. The prosecution and all of the penalties to which a defendant may be subject upon a verdict of guilty, except the penalty of imprisonment, are specifically saved. With respect to imprisonment, it is provided that any sentence of imprisonment pronounced against a defendant, under the provisions of a repealed statute, shall be extinguished, including sentences passed in trials held before the repeal as well as in those held after, unless the repealing act shall expressly provide that the penalties of imprisonment shall remain in force. Applied to cases in which judgment of conviction had been had and sentence pronounced prior to the effective date of said act, it is an extension of legislative clemency. It would operate to commute that portion of any sentence of imprisonment, imposed under the terms of a repealed statute, which remained to be served after the effective date of said act. This is clearly an exercise of the pardoning power. 20 R. C. L. 521; 46 C. J. 1181.

Section 76 of the Constitution of North Dakota as amended by Article 3 of Amendments reads as follows: "The governor shall have power in conjunction with the board of pardons, of which the governor shall be ex officio a member and the other members of which shall consist of the attorney-general of the state of North Dakota, the chief justice of the supreme court of the state of North Dakota, and two qualified electors who shall be appointed by the governor, to remit fines and forfeitures, to grant reprieves, commutations and pardons after conviction for all offenses except treason and cases of impeachment; but the legislative assembly may by law regulate the manner in which the remission of fines, pardons, commutations and reprieves may be applied for. Upon conviction of treason the governor shall have the power to suspend the execution of sentence until the case shall be reported to the legislative assembly at its next regular session, when the legislative assembly shall either pardon or commute the sentence, direct the execution of the sentence or grant further reprieve. The governor shall

communicate to the legislative assembly at each regular session each case of remission of fine, reprieve, commutation or pardon granted by the board of pardons, stating the name of the convict, the crime for which he is convicted, the sentence and its date and the date of remission, commutation, pardon or reprieve, with their reasons for granting the same."

This section of the Constitution vests the power to pardon after conviction " 'for all offenses except treason and cases of impeachment,' " exclusively in the Governor acting in conjunction with the Board of Pardons. Re Hart, 29 N. D. 38, 149 N. W. 568, L.R.A.1915C 1169; Opinion of Justices, 14 Mass. 472; Hendrix v. State, 215 Ala. 114, 110 So. 168; Ex parte Butler, 40 Okla. Crim. Rep. 434, 269 P. 786; People ex rel. Fullenwider v. Jenkins, 322 Ill. 33, 152 N. E. 549; State ex rel. Preston v. Hamilton, 206 Iowa, 414, 220 N. W. 313; Ex parte Miers, 124 Tex. Crim. Rep. 592, 64 S. W. (2d) 778; Ex parte Black, 123 Tex. Crim. Rep 472, 59 S. W. (2d) 828; Ex parte White, 28 Okla. Crim. Rep. 180, 230 P. 522; Com. v. Kiley, 150 Mass. 325, 23 N. E. 55. In Re Hart, 29 N. D. 38, 149 N. W. 568, L.R.A.1915C 1169, supra, this Court said: "There can be no doubt that the power 'to remit fines and forfeitures, to grant *commutations* and *pardons* after convictions, for all offenses except treason and cases of impeachment,' was by § 76 (art. 3 of the Constitution vested solely and exclusively in the governor; that § 76, that is to say—Article 3 of the Amendments —took this exclusive power from the governor and vested it in the board of pardons, of which the governor is a member, and that the sole and exclusive power in such matters now rests in that board."

The petitioner contends, however, that the statute, under which he claims his right to release from the penitentiary, became effective while an appeal from the judgment of conviction against him was pending; that such judgment of conviction was therefore not final and that the act of the legislature, even though it was an exercise of the pardoning power, was an exercise of that power before conviction and not in conflict with an exclusive constitutional grant of power to pardon after conviction.

We cannot agree with this contention. If the legislature of this state does have the power to pardon before conviction through the enactment of general laws, a question which we do not here decide, it would still

avail the petitioner nothing. While the power attempted to be exercised by the legislature in the enactment of the statute here in question is the power to pardon, both before as well as after conviction, we are satisfied that in its application to petitioner's case only the power to pardon after conviction is involved.

The words "after conviction" as used in a constitutional provision granting to a governor or board of pardons the power to pardon after conviction have been construed to mean after a verdict of guilty. Goss v. State, 107 Tex. Crim. Rep. 659, 298 S. W. 585; State ex rel. Barnes v. Garrett, 135 Tenn. 617, 188 S. W. 58, L.R.A.1917B 567; People v. Marsh, 125 Mich. 410, 84 N. W. 472, 51 L.R.A. 461, 84 Am. St. Rep. 584; Battistelli v. State, 141 Tenn. 565, 213 S. W. 417. Other courts have held that "after conviction" means after judgment and sentence of the trial court upon a verdict or plea of guilty. Ex parte White, 28 Okla. Crim. Rep. 180, 230 P. 522; Com. v. Kiley, 150 Mass. 325, 23 N. E. 55; Hackett v. Freeman, 103 Iowa, 296, 72 N. W. 528; Cole v. State, 84 Ark. 473, 106 S. W. 673. Of similar import is the decision of this Court in State ex rel. Olson v. Langer, 65 N. D. 68, 256 N. W. 377. In so far as the instant case is concerned, the apparent conflict in judicial construction of the words "after conviction" is immaterial. Judgment and sentence were pronounced against the petitioner upon a verdict of guilty almost two years before the enactment and approval of the 1939 statute upon which he relies. Whether "after conviction" means after a verdict of guilty or whether it means after judgment and sentence of the trial court, is not important here, for under both constructions, the attempted statutory extinguishment of petitioner's sentence of imprisonment was "after conviction."

We have not found a single instance where under a constitutional grant of power to pardon after conviction, it has been held that the power might not be used to grant clemency to a person whose conviction was pending upon appeal. To so hold would deny to an individual, who might be imprisoned on default of bond while his case was pending on appeal, the opportunity to petition for clemency. It cannot be said that he could appeal to the legislature, for even though the legislature were in session, it would have no power to act in an indi-

vidual case. Clearly the writers of our Constitution did not intend such a construction.

Since it is held that the pardoning power of the Governor in conjunction with the Board of Pardons is exclusive, it is exclusive during all the time in which it may be exercised. The Governor in conjunction with the Board of Pardons having power to pardon an individual while the judgment of conviction, under which such individual was sentenced, is pending on appeal, the power being exclusive, it cannot reside in the legislature at the same time. It follows that the 1939 amendment and re-enactment of § 7316, N. D. Comp. Laws 1913, (House Bill 259), in so far as it attempts to extinguish the sentences to imprisonment of persons against whom judgment of conviction had been had in the trial court prior to the effective date of such act, conflicts with § 76 of the state Constitution as amended by Article 3 of Amendments to the Constitution and to that extent is invalid.

The application for a writ of habeas corpus will therefore be denied.

Nuessle, Ch. J., and Burr and Morris, JJ., concur.

Christianson, J., disqualified, did not participate.