**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Terry CUMMINGS, Defendant and Appellant.**

Cr. No. 1130.

Supreme Court of North Dakota.

April 23, 1986.

Melody R.J. Jensen, Asst. State's Atty., Fargo, for plaintiff and appellee.

Kirschner and Baker, Fargo, for defendant and appellant; argued by Irvin B. Nodland on behalf of Mr. Kirschner.

LEVINE, Justice.

Terry Cummings appeals his sentences for driving while under the influence (DUI) and driving while license suspended (DUS) in violation of North Dakota Century Code § 39–08–01 and § 39–06–42. We reverse and remand.

## DUI

Cummings was charged with DUI with two prior convictions within five years, a class A misdemeanor. NDCC § 39–08–01(3). Cummings moved to suppress evidence of his two prior DUI convictions upon the ground that they resulted from uncounseled guilty pleas without valid waivers of counsel. Subsequently, the State conceded it could not show Cummings had waived counsel in his 1983 DUI conviction and Cummings acknowledged that he had validly waived counsel in his 1984 DUI conviction. As a result, the State amended its complaint to charge Cummings with DUI with one prior conviction within five years, a class B misdemeanor. NDCC § 39–08–01(3).

Cummings pleaded guilty to this charge and the trial judge imposed the maximum sentence for a class B misdemeanor, 30 days in jail (15 days were suspended) and a mandatory $500.00 fine. NDCC § 12.1–32–01(6) and § 39–08–01(5)(b). At sentencing the trial judge announced that she had imposed a harsher sentence because of Cummings' 1983 uncounseled DUI conviction. Since the $500 fine was mandatory, NDCC § 39–08–01(5)(b), it is clear that the trial court increased Cummings' term of incarceration solely because of his 1983 DUI conviction.

We will set aside a trial judge's sentencing decision only on a showing that she substantially relied on an impermissible factor in determining the severity of the sentence. *State v. Rudolph*, 260 N.W.2d 13 (N.D.1977).

■ The issue thus presented is whether or not Cummings' 1983 uncounseled DUI conviction is an impermissible factor which the trial judge may not substantially rely on to increase Cummings' term of incarceration.

In fixing sentences, a trial judge is allowed the widest possible range of information in exercising her discretion. *State v. Wells*, 265 N.W.2d 239 (N.D.1978); *State v. Smith*, 238 N.W.2d 662 (N.D.1976); *see also* North Dakota Rule of Criminal Procedure 32. Despite this broad latitude, there are constitutional limitations on what may be relied on in sentencing decisions. *See State v. Wells, supra* (exercise of sentencing discretion must be within constitutional limitations); *e.g., United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), and *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) (due process violated by sentences imposed on the basis of "misinformation of constitutional magnitude").

Cummings argues that *State v. Orr*, 375 N.W.2d 171 (N.D.1985), precludes the trial judge from considering his 1983 uncounseled DUI conviction in imposing the sentence of incarceration.

In *Orr*, we held that, absent a valid waiver of the right to counsel, the resulting uncounseled DUI conviction could not, under Art. I, § 12, North Dakota Constitution, be used to enhance a term of incarceration for a subsequent DUI offense. 375 N.W.2d at 178–179. We concluded that uncounseled convictions are too unreliable to support the sanction of imprisonment. 375 N.W.2d at 178.

We see nothing that distinguishes this case from *Orr*. As a result of Cummings' prior uncounseled conviction, his term of imprisonment was enhanced. Cummings thus suffered the same deprivation of his liberty because of his prior uncounseled conviction as did Orr. Therefore, we hold that a prior uncounseled conviction without waiver of counsel, is an impermissible factor which may not be substantially relied on by a trial judge in sentencing a defendant.

In this case, it is undisputed that the trial judge relied exclusively on Cummings' 1983 uncounseled DUI conviction in increasing his term of incarceration. Accordingly, Cummings' DUI sentence is vacated and this case remanded with instructions that he be sentenced without substantial reliance upon his 1983 uncounseled DUI conviction.

## DUS

Cummings also pleaded guilty to the charge of DUS in violation of NDCC

§ 39–06–42. Cummings was sentenced to fifteen days' imprisonment (fifteen days were suspended). This was the mandatory minimum sentence under NDCC § 39–06–42 prior to its amendment in 1985. The 1985 amendment reduced the mandatory minimum sentence to four days' consecutive incarceration. S.L.1985, ch. 429, § 4.

Cummings committed the offense on June 15, 1985, after passage of the 1985 amendment to § 39–06–42, but prior to its effective date, July 1, 1985. Cummings pleaded guilty and was sentenced after the 1985 amendment had taken effect.

The trial judge sentenced Cummings to the fifteen-day penalty mandated by the 1983 statute because the offense occurred before the mitigating 1985 amendment took effect. Cummings claims this was error and argues that the law in effect at the time of his sentencing should govern.

The issue presented is which statute applies: the statute in effect when the offense was committed (fifteen days' mandatory imprisonment) or the statute in effect when Cummings pleaded guilty and was sentenced (mandatory four days' consecutive imprisonment).

The question is one of ascertaining legislative intent—did the Legislature intend the 1983 statute or the 1985 amended statute to apply. *State v. Ziesemer*, 93 N.W.2d 803 (N.D.1958); *In re Estrada*, 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948 (1965). The Legislature did not expressly state, nor can we discern from a review of the legislative history, which statute should apply.

Consequently, we must determine legislative intent from other factors. *See* NDCC § 1–02–39; *Apple Creek Tp. v. City of Bismarck*, 271 N.W.2d 583 (N.D.1978).

The State argues that the Legislature, by enacting a saving clause in NDCC § 12.1–01–01, indicated its intention that "in criminal prosecutions, the defendant should be both charged and sentenced under the law in effect at the time the crime was committed."

NDCC § 12.1–01–01 provides in part:

"2. This title, except as provided in subsection 3, shall not apply to offenses committed prior to its effective date. Prosecutions for such offenses shall be governed by prior law, which is continued in effect for that purpose. For the purposes of this section, an offense was committed prior to the effective date of this title if any of the elements of the offense occurred prior thereto.

"3. In cases pending on or after the effective date of this title, and involving offenses committed prior thereto:

a. The provisions of this title according a defense or mitigation shall apply, with the consent of the defendant.

b. The court, with the consent of the defendant, may impose sentence under the provisions of this title which are applicable to the offense and the offender."

A saving clause, such as the one embodied in NDCC § 12.1–01–01(2), "saves" pending or future prosecutions of crimes committed under a repealed or amended statute from being abated.[1]

---

1. The common law doctrine of abatement holds that a repeal or amendment of a penal statute bars further prosecutions for violations of the statute which occurred before its repeal or amendment and abated all pending prosecutions which had not reached final judgment. Under the doctrine, a repeal or amendment was interpreted as indicative of a legislative intent that offenses prohibited by the repealed or amended statute, although committed while the statute was still in force, should no longer be regarded as criminal and therefore should not be punished under the repealed or amended statute.

The doctrine of abatement, however, often produced unjust and undesired consequences.

If a legislature repealed or amended and re-enacted a criminal statute with an increased penalty, a violator of the former law could not be convicted under either the old or the new statute. Conviction under the former law was precluded by the doctrine of abatement and conviction under the new statute was constitutionally prohibited as an *ex post facto* law. In order to avoid this outcome, general saving clauses were enacted or specific saving provisions inserted in the repealing or amending act in order to preserve the state's ability to prosecute offenses committed under the former law. *See People v. Oliver*, 1 N.Y.2d 152, 151 N.Y.S.2d 367, 134 N.E.2d 197, 200–201 (1956); *State v. Pardon*, 272 N.C. 72, 157 S.E.2d 698 (1967); Note, *Today's Law and Yesterday's Crime: Retroactive*

In previous decisions this Court has restricted application of NDCC § 12.1–02–02 to Title 12.1 alone. *State v. Olson*, 356 N.W.2d 110 (N.D.1984); *City of Dickinson v. Mueller*, 261 N.W.2d 787 (N.D.1977). The State, nevertheless, argues that the saving clause in NDCC § 12.1–01–01(2) applies to Title 39.

We need not, however, decide if the Legislature, by enacting a saving clause in NDCC § 12.1–01–01(2), intended to preserve the State's ability to prosecute, and the court's authority to sentence, under the 1983 statute. NDCC § 12.1–01–01(3) clearly affords a defendant who has committed an offense before, but is tried after, the effective date of the current statute, the election of being sentenced under the current or former law. *State v. Jensen*, 251 N.W.2d 182 (N.D.1977); *Kittelson v. Havener*, 239 N.W.2d 803 (N.D.1976); *State v. Smith*, 238 N.W.2d 662 (N.D.1976).

Cummings moved pretrial to be sentenced under the 1985 law. This constituted an election by Cummings as provided by NDCC § 12.1–01–01(3). *State v. Jensen, supra.* Consequently, even assuming that NDCC § 12.1–01–01(2) applied, it would not preclude Cummings from being sentenced according to the 1985 statute.

A more difficult question, not raised, briefed, or argued by the State, but one with such direct bearing that we must address it, is the effect of NDCC § 1–02–10. NDCC § 1–02–10 reads:

"No part of this code is retroactive unless it is expressly declared to be so."

█ NDCC § 1–02–10 is a rule of statutory construction which provides that statutes are to operate prospectively and not retroactively unless the Legislature clearly manifests a contrary intention. *Reiling v. Bhattacharyya*, 276 N.W.2d 237 (N.D. 1979). A statute is employed retroactively when it is applied to a cause of action that arose prior to the effective date of the statute. *Id.*

Retroactively applying new statutes is generally disfavored because it risks unfairness by imposing new responsibilities for actions already taken. However, retroactive laws may not be unfair when there is no such *ex post facto* effect. Consequently, laws which confer benefits are often excepted from the general rule against retroactive application. *See* 2 Sutherland, Statutory Construction, § 41.-02 (4 ed. 1978).

In *State v. Kaufman*, 310 N.W.2d 709 (N.D.1981), this Court cited the general rule of *Reiling v. Bhattacharyya* in holding that NDCC § 1–02–10 barred applying retroactively an ameliorating amendment to a penal statute. The *Kaufman* court concluded that because the amendment did not expressly declare it was to be retroactive, it would not be given such effect. There was no consideration whether an ameliorating amendment to a penal statute warranted exception from the general rule against retroactive operation. Rather, it appears that NDCC § 1–02–10 was elevated to a per se bar to the retroactive application of statutes regardless of any ameliorating effect. The rule was imbued with a life of its own.

However, NDCC § 1–02–10 is but a canon of statutory construction to aid in interpreting statutes to ascertain legislative intent. It is not an end in itself. Like any rule of construction, NDCC § 1–02–10 is subservient to the goal of statutory interpretation: to ascertain and effectuate legislative intent. *See Caldis v. Board of Cty. Com'rs, Grand Forks Cty.*, 279 N.W.2d 665 (N.D.1979); *Dickinson v. Thress*, 69 N.D. 748, 290 N.W. 653 (1940).

As stated by the California Supreme Court, when it interpreted a rule of construction virtually identical to NDCC § 1–02–10:

"That rule of construction, however, is not a straitjacket. Where the Legisla-

---

*Application of Ameliorative Criminal Legislation,* 121 U.Pa.L.Rev. 120, 121–127 (1972).

North Dakota has a general saving statute, NDCC § 1–02–07, which applies only to repeal-

ing legislation, and not to amendments. *See Kittelson v. Havener*, 239 N.W.2d 803 (N.D. 1976).

ture has not set forth in so many words what it intended, the rule of construction should not be followed blindly in complete disregard of factors that may give a clue to the legislative intent. It is to be applied only after, considering all pertinent factors, it is determined that it is impossible to ascertain the legislative intent." *In re Estrada*, 63 Cal.2d 740, 48 Cal.Rptr. 172, 176, 408 P.2d 948, 952.

In this case there is no need to resort to NDCC § 1–02–10 to discern legislative intent. Instead, we are able to rationally infer from the nature of the amendment itself, that the Legislature intended the 1985 statute to apply.

There is a compelling inference that the 1985 Legislature, by reducing the mandatory minimum penalty for violation of NDCC § 39–06–42 from fifteen days' imprisonment to four consecutive days' incarceration, determined that the former penalty was too harsh and that the latter and lighter punishment was the appropriate penalty for violations of that statute.

That the Legislature had such an intent seems obvious; nothing is gained by imposing a more severe punishment after the Legislature has determined that a lighter penalty is appropriate. The excess in punishment can serve no other purpose than to satisfy a desire for vengeance, a legislative motivation we will not presume. *See* NDCC § 1–02–38(3) (in enacting a statute it is presumed a just and reasonable result is intended); *In re Estrada, supra,* 48 Cal. Rptr. at 175, 408 P.2d at 951; *People v. Oliver,* 1 N.Y.2d 152, 151 N.Y.S.2d 367, 373–74, 134 N.E.2d 197, 202 (1956); *see also State v. Coolidge,* 282 N.W.2d 511 (Minn.1979); *State v. Randolph,* 186 Neb. 297, 183 N.W.2d 225 (1971), *cert. den.,* 403 U.S. 909, 91 S.Ct. 2217, 29 L.Ed.2d 686 (1971); *State v. Pardon,* 272 N.C. 72, 157

S.E.2d 698 (1967); *State v. Tapp,* 26 Utah 2d 392, 490 P.2d 334 (1971); *cf., State v. Wiese,* 201 N.W.2d 734 (Iowa 1972).

■■■ We conclude that, unless otherwise indicated by the Legislature, an ameliorating amendment to a criminal statute is reflective of the Legislature's determination that the lesser punishment is the appropriate penalty for the offense. Consequently, while we reaffirm today, as we did recently in *City of Mandan v. Mi-Jon News, Inc.,* 381 N.W.2d 540 (N.D.1986), the general rule that statutes are not retroactive unless expressly declared so by the Legislature, we also hold that an exception should be made to this general rule in the case of ameliorating penal legislation. It follows that the 1985 ameliorating statute should be applied to offenses committed prior to its effective date, provided that the defendant has not yet been finally convicted of the offense:[2]

While we acknowledge the importance of stare decisis, we recognize it is not sacrosanct. *Otter Tail Power Co. v. Von Bank,* 72 N.D. 497, 8 N.W.2d 599 (1942). Whether or not a holding shall be adhered to or overruled is a question within the discretion of this Court under the circumstances of the case under consideration. *See Melland v. Johanneson,* 160 N.W.2d 107 (N.D. 1968).

Insofar as *State v. Kaufman, supra,* is inconsistent with this opinion, we decline to follow it. *State v. Goodbird,* 344 N.W.2d 483 (N.D.1984), is distinguishable because there the court concluded that the legislative history indicated an intent that the amendment under consideration was not to apply retroactively.

We reverse and remand for re-sentencing on the DUI conviction, and, because Cummings has served four consecutive days'

**2.** Although the term "final conviction" cannot be given a hard and fast definition, *Thompson v. Thompson,* 78 N.W.2d 395 (N.D.1956); *e.g., Ex parte Chambers,* 69 N.D. 309, 285 N.W. 862 (1939), it is clear that Cummings had not been finally convicted because his direct appeal from his judgment of conviction and sentence had not been ruled on by this Court.

Legislation lessening punishment may not be applied to final convictions because this would constitute an invalid exercise by the Legislature of the executive pardoning power. *Ex parte Chambers, supra.*

imprisonment, we reduce his DUS sentence to time served.

MESCHKE, J., concurs.

GIERKE, J., concurs in the result.

VANDE WALLE, Justice, dissenting in part and concurring specially in part.

I dissent to that part of the majority opinion concerning the charge of driving under the influence (DUI). I agree with the result reached in that part of the majority opinion which concerns the charge of driving while the license to do so is suspended (DUS).

In *State v. Orr,* 375 N.W.2d 171, 181 (N.D.1985), I suggested in a concurring opinion that statements in the majority opinion may well cast doubt upon the validity of an initial conviction in municipal court when a defendant has not been represented by a lawyer and there is no evidence on the record that the defendant has been advised of and waived his right to counsel without regard to any issue of enhancement of punishment. Although Rule 44, N.D.R.Crim.P., relying on *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), is to the contrary, it appears to me that the logical conclusion of the majority opinion is that Rule 44 is also invalid. Relying upon the majority opinion in *Orr* that absent a valid waiver of the right to counsel on the record, a resulting uncounseled DUI conviction could not, under Article I, Section 12, North Dakota Constitution, be used to enhance a term of incarceration for a subsequent DUI offense, the majority here concludes that there is nothing that distinguishes this case from *Orr.* In *Orr* I did not agree that the issue was of constitutional dimension and I cannot agree with the conclusion reached here in the majority opinion.

The result reached by the majority is, of course, contrary to Rule 32(c)(2), N.D.R. Crim.P., which the majority cites but does not quote. That rule permits the report of the presentence investigation to "contain any prior criminal record of the defendant and such information about his characteris-tics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, ..." The previous DUI conviction is, of course, a part of the defendant's prior criminal record because, as recognized in *Orr,* it is a valid conviction. There is no doubt that knowledge of the conviction of a similar offense is helpful to the judge in imposing sentence.

I am concerned that the majority opinion is an unnecessary restriction on the discretion of the sentencing judge. Although the majority opinion gives lip service to the fact that the widest possible range of information is permitted in the exercise of the sentencing judge's discretion, this opinion is, of course, limiting. The majority opinion justifies its contrary result on the premise that there are constitutional limitations on what may be relied upon in sentencing. Because, as stated in my special concurrence in *Orr,* I do not agree that the use of a prior uncounseled conviction rises to the height of a constitutional issue, I do not agree with the majority's justification of limiting the sentencing judge's discretion in this instance.

If Cummings had only been charged with, but not convicted of, a previous offense, or charged but not tried prior to sentencing, such matters could be considered by the sentencing judge. *Williams v. People of State of New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Cf. *State v. Smith,* 238 N.W.2d 662 (N.D. 1976) [raising but not deciding the issue]; *United States v. Hill,* 688 F.2d 18 (6th Cir.1982), cert. denied, 459 U.S. 1074, 103 S.Ct. 498, 74 L.Ed.2d 638 (1982). To conclude that such information can be permissibly relied upon but that Cummings's previous uncounseled but valid conviction cannot be relied upon is, at best, inconsistent and can only lead to further restrictions on the discretion of the sentencing judge.

Finally, the opinion notes that the State "conceded it could not show Cummings had waived counsel in his 1983 DUI conviction ..." Here, at least, it appears to me the

burden should be placed upon Cummings to prove he had not waived counsel before he should be permitted to raise the objection to the use of the prior conviction. Rule 32, N.D.R.Crim.P., provides that the defendant and his counsel may allege any factual inaccuracy in the presentence investigation report and that the trial court must either make a finding as to the allegation or determine that no such finding is necessary because the matter controverted will not be taken into account in sentencing. As noted in Wright, *Federal Practice and Procedure: Criminal 2d*, Sec. 526, the only real limitation on the information a judge may consider is that it is error if it can be shown that he relied on information that was in fact not true. I do not believe that it necessarily follows from the majority opinion in *Orr* that the burden of proof must also be on the State in these proceedings.

Although the majority opinion in this case sees "nothing that distinguishes this case from *Orr*," they are, of course, different. *Orr* was concerned with a mandatory sentence for a second offense. We are here concerned with the exercise of a judge's discretion in sentencing. Although it may be suspiciously fortuitous that a trial judge will inform us that the sole reason for the sentence was a prior, uncounseled conviction of DUI, Section 12.1–32–02(5), N.D.C.C., does require that the sentence be accompanied by a written statement by the court setting forth the reasons for imposing the particular sentence. Nevertheless, the judge was not compelled to sentence more harshly because of the uncounseled conviction, whereas in *Orr* we determined the judge sentenced under the mandatory sentencing provision for a second offense. I do not believe *Orr* requires the judge to totally ignore the previous offense in sentencing; rather, because the sentence is discretionary, whereas it was mandatory in *Orr*, the judge should be able to take into consideration the previous offense and the fact, if it is fact, that the previous offense was uncounseled. The majority opinion removes that discretion from the judge on the premise that such a result is predestined by our State Constitution and by the majority decision in *Orr*. For the reasons stated above, I cannot agree with that conclusion.

## DUS

I concur in the result reached by the majority opinion with regard to the DUS charge. I do so on the basis of the ameliorating amendment rationale contained in the majority opinion. I do not concede that Section 12.1–01–01, N.D.C.C., is a saving clause which extended beyond the time that the "new" criminal code took effect, July 1, 1975. See 1973 N.D.Sess.Laws, ch. 116, sec. 42. *Title* 12.1 was effective on that date. Other statutes enacted subsequent to that time may have been codified as part of Title 12.1 but are not governed by Section 12.1–01–01 which refers only to *Title* 12.1.

ERICKSTAD, C.J., concurs.