2006 ND 193

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**James Leroy IVERSON, Defendant and Appellant.**

**No. 20060097.**

Supreme Court of North Dakota.

Sept. 13, 2006.

Peter D. Welte (on brief), State's Attorney, and Meredith H. Larson (on brief), appearing under the Rule on the Limited Practice of Law by Law Students, Grand Forks, ND, for plaintiff and appellee.

James Leroy Iverson (on brief), *pro se*, Bismarck, ND, defendant and appellant.

KAPSNER, Justice.

[¶ 1] James Leroy Iverson appeals from an order denying him credit for the time he served in custody prior to his 1969 murder conviction. We affirm the district court order.

I

[¶ 2] James Leroy Iverson was convicted of first and second degree murder on May 2, 1969. On May 9, 1969, the trial court sentenced Iverson to life in prison for first degree murder and to an indeterminate term of 25 to 30 years for second degree murder. The sentences were to run concurrently.

[¶ 3] In 1975, the North Dakota Board of Pardons ("Board") reduced Iverson's life sentence to 99 years. Since his original sentencing date, the Board has further commuted Iverson's sentence on several occasions. We affirmed Iverson's conviction on direct appeal in 1971. *State v. Iverson*, 187 N.W.2d 1, 44 (N.D.1971) [*Iverson I*]. In 1974, we also affirmed a district court's decision not to grant him post-conviction relief. *State v. Iverson*, 225 N.W.2d 48, 56 (N.D.1974) [*Iverson II*].

[¶ 4] After his arrest on November 27, 1968, Iverson was jailed and remained in custody at the Grand Forks county jail until he was sentenced, totaling 164 days. On October 28, 2005, Iverson filed a motion to receive credit against his murder sentences for the time he spent in custody at the county jail. Iverson's original sentence made no reference to the time he spent in custody before his sentencing date.

## II

[¶ 5] Iverson argues that he is entitled to credit for the days he spent in the county jail under N.D.C.C. § 12.1–32–02(2), which provides:

> Credit against any sentence to a term of imprisonment must be given by the court to a defendant for all time spent in custody as a result of the criminal charge for which the sentence was imposed or as a result of the conduct on which such charge was based. "Time spent in custody" includes time spent in custody in a jail or mental institution for the offense charged, whether that time is spent prior to trial, during trial, pending sentence, or pending appeal.

Section 12.1–32–02, however, was enacted in 1973 and became effective on July 1, 1975. 1973 N.D. Sess. Laws ch. 116, § 31 (enacting N.D.C.C. § 12.1–32–02); 1973 N.D. Sess. Laws ch. 116, § 42 (establishing

N.D.C.C. § 12.1–32–02's effective date). The provision does not expressly indicate whether it retroactively applies. N.D.C.C. § 12.1–32–02(2).

[¶ 6] The question Iverson presents is one of determining whether the Legislature intended for N.D.C.C. § 12.1–32–02(2) to retroactively apply. Generally, no statutory provision retroactively applies unless the Legislature expressly manifests a contrary intention. N.D.C.C. § 1–02–10 ("No part of this code is retroactive unless it is expressly declared to be so."); *State v. Rodriguez*, 454 N.W.2d 726, 730, n. 3 (N.D. 1990) (discussing retroactive application of criminal intent statute); *State v. Cummings*, 386 N.W.2d 468, 471–72 (N.D.1986) (evaluating the retroactive application of ameliorating penal legislation). "A statute is employed retroactively when it is applied to a cause of action that arose prior to the effective date of the statute." *Id.* at 471 (quoting *Reiling v. Bhattacharyya*, 276 N.W.2d 237, 239 (N.D.1979)). Retroactive application is disfavored because it creates new legal responsibilities based on past conduct. *Id.* We have, however, applied a narrow exception to the general bar to retroactivity to prevent an unjust result. *See, e.g., id.* (defining an exception to the prohibition on retroactive application for an "ameliorating amendment" to a criminal statute). " '[L]aws which confer benefits are often excepted from the general rule against retroactive application.' " *Smith v. Baumgartner*, 2003 ND 120, ¶ 11, 665 N.W.2d 12 (quoting *Cummings*, at 471); *see also generally* 2 Sutherland, *Statutory Construction* § 41.2 (6th ed.2001) (acknowledging the problems with retroactive statutory application).

[¶ 7] Notwithstanding the general rule against retroactivity and its "ameliorative penal legislation" exception, a statute cannot apply retroactively when it becomes effective after a person has

been finally convicted. *Cummings,* 386 N.W.2d at 472, n. 2. "Legislation lessening punishment may not be applied to final convictions because this would constitute an invalid exercise by the Legislature of the executive pardoning power." *Id.* (citing *Ex parte Chambers,* 69 N.D. 309, 315, 285 N.W. 862, 864–65 (1939)). We have not clearly defined "final conviction"; however, the United States Supreme Court has stated that a final conviction means "a case in which a judgment of conviction has been rendered [and] the availability of appeal [has been] exhausted. . . ." *Griffith v. Kentucky,* 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); *see also Chambers,* 69 N.D. at 315, 285 N.W. at 864–65 (stating that final conviction means either a verdict of guilty or a judgment and sentence of the trial court upon a verdict or plea of guilty).

[¶ 8] Here, Iverson was finally convicted before the effective date of N.D.C.C. § 12.1–32–02(2). He was found guilty by a jury verdict and was sentenced by the district court in 1969. We affirmed Iverson's conviction on direct appeal in 1971, *Iverson I,* 187 N.W.2d at 44, before the statute's effective date, July 1, 1975. 1973 N.D. Sess. Laws ch. 116, § 42 (establishing N.D.C.C. § 12.1–32–02's effective date). Since Iverson was finally convicted before the statute's effective date, granting his requested relief would constitute an infringement on the executive pardoning power. *See Cummings,* 386 N.W.2d at 472, n. 2 (citing *Chambers,* 69 N.D. at 315, 285 N.W. at 864–65).

### III

[¶ 9] We conclude that Iverson was finally convicted prior to the effective date of N.D.C.C. § 12.1–32–02(2). We also conclude that retroactive application of section 12.1–32–02(2) in this case would constitute an infringement on the executive pardon-

ing power. Therefore, we affirm the district court's order denying Iverson credit for the time he served in the county jail prior to his sentencing in 1969.

[¶ 10] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.