# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 100

| Julie Roubideaux Lavallie, | Petitioner and Appellee |
|---|---|
| v. | |
| State of North Dakota, | Respondent and Appellant |

No. 20180362

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

REVERSED.

Opinion of the Court by Jensen, Justice.

Thomas J. Glass, Bismarck, ND, for petitioner and appellee; submitted on brief.

Tessa M. Vaagen, Assistant State's Attorney, Bismarck, ND, for respondent and appellant; submitted on brief.

**Jensen, Justice.**

[¶1]    The State appeals from a district court order granting post-conviction relief and reducing the sentence of Julie Roubideaux Lavallie from a twenty-year term of imprisonment to a ten-year term of imprisonment.  We reverse.

I.

[¶2]    On May 18, 2017, Lavallie pleaded guilty to a third delivery offense of methamphetamine and she was sentenced to the mandatory minimum twenty-year sentence consistent with the then applicable law.  Prior to Lavallie pleading guilty, the legislature had reduced the mandatory sentence from twenty years to ten years for a third delivery of methamphetamine offense.  *See* N.D.C.C. § 19-03.1-23(1)(a)(2).  However, she pleaded guilty, was sentenced, and the judgment was entered before August 1, 2017, the effective date of the legislative change.  *See* N.D.C.C. § 19-03.1-23.  She did not appeal the May 18, 2017 judgment.

[¶3]    On March 19, 2018, Lavallie filed a request for post-conviction relief under N.D.C.C. § 29-32.1-01(f), arguing the modification of the mandatory sentence was a significant change in the law which, in the interest of justice, should be applied retroactively.  On July 30, 2018, the district court issued findings and an order granting Lavallie post-conviction relief and reducing her sentence to the mandatory minimum sentence of ten years that had become effective on August 1, 2017.

II.

[¶4]    In *State v. Iverson*, this Court held that statutes related to criminal sentencing cannot apply retroactively when they become effective after a person has been finally convicted. 2006 ND 193, ¶ 8, 721 N.W.2d 396.  In *Iverson*, this Court recognized that a final conviction "means either a verdict of guilty or a judgment and sentence of the trial court upon a verdict or plea of guilty."  *Id*. at ¶ 7.  In *State v. Cummings*, we

recognized that in the event of a timely direct appeal from the judgment, finality is extended until this Court issues its ruling. 386 N.W.2d 468, 472 n.2 (N.D. 1986).

[¶5]     Lavallie pleaded guilty and a judgment was entered May 18, 2017.  Lavallie did not appeal.  Lavallie's sentence was final before the change in the mandatory sentencing was effective on August 1, 2017.  Because Lavallie's sentence was final before the change to the statute took effect, the district court erred in reducing her sentence.  We reverse the district court's order.

[¶6]     Jon J. Jensen
          Jerod E. Tufte
          Daniel J. Crothers
          Lisa Fair McEvers
          Gerald W. VandeWalle, C.J.