# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 103

Barry C. Garcia,                                        Petitioner and Appellant

v.

State of North Dakota,                                 Respondent and Appellee

No. 20180316

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Wade L. Webb, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

John R. Mills (argued), San Franciso, CA, and Samuel A. Gereszek (appeared), East Grand Forks, MN, for petitioner and appellant.

Birch P. Burdick, Fargo, ND, for respondent and appellee.

Todd E. Zimmerman, Benjamin J. Hasbrouck, and Aubrey J. Fiebelkorn-Zuger, Fargo, ND, for amicus curiae The Promise of Justice Initiative.

S. Bradley Perkins and Namrata Kotwani, San Francisco, CA, for amicus curiae The Promise of Justice Initiative.

**Jensen, Justice.**

[¶1]   Barry Garcia appeals from a district court order denying his request for a new trial and determining N.D.C.C. § 12.1-32-13.1 does not apply to his criminal sentence. We affirm the order of the district court denying Garcia's request for a new trial and determining N.D.C.C. § 12.1-32-13.1 is not applicable to his sentence.

I.

[¶2]   In 1996, Garcia was found guilty of the offense of murder, committed while he was a juvenile, and he was sentenced to life imprisonment without parole. Garcia's sentence was affirmed on appeal. *State v. Garcia*, 1997 ND 60, 561 N.W.2d 599.

[¶3]   In 2016, Garcia filed a petition for post-conviction relief arguing that imposing a sentence of life without parole on a juvenile violated the constitutional standards set forth by the United States Supreme Court in *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). The district court denied his petition and Garcia appealed. *See Garcia v. State*, 2017 ND 263, ¶ 10, 903 N.W.2d 503.

[¶4]   While Garcia's appeal was pending, the North Dakota legislature passed HB 1195, which was enacted on April 17, 2017 as N.D.C.C. § 12.1-32-13.1 and effective August 1, 2017. *Garcia*, 2017 ND 263, ¶ 32, 903 N.W.2d 503. Section 12.1-32-13.1, N.D.C.C., allows juvenile offenders who have been in state custody for more than twenty years to seek relief from their sentence. Sentencing relief under N.D.C.C. § 12.1-32-13.1 requires consideration of the factors set forth in *Miller* and *Montgomery*. Garcia requested this Court to either rule on the applicability of the provision or remand the issue to the district court. *Garcia*, at ¶ 30. This Court declined to rule on Garcia's request to apply N.D.C.C. § 12.1-32-13.1 because it had not been raised in

the district court, and ruled without remanding the issue to the district court. *Id.* at ¶ 31.

[¶5] Following the appeal of the 2016 denial of post-conviction relief, Garcia filed a motion for a new trial in the district court. The court found that a motion for a new trial was not the correct vehicle for requesting relief under N.D.C.C. § 12.1-32-13.1, but pursuant to the consent of both parties, agreed to consider whether N.D.C.C. § 12.1-32-13.1 applied to Garcia. After a hearing, the court issued an order denying the motion for a new trial and finding N.D.C.C. § 12.1-32-13.1 does not apply to Garcia. On appeal, Garcia argues the court erred in finding N.D.C.C. § 12.1-32-13.1 is not applicable to him.

## II.

[¶6] Garcia initially framed this matter as a motion for post-conviction relief asserting the enactment of N.D.C.C. § 12.1-32-13.1 was newly discovered evidence. "We review post-conviction relief applications based on newly discovered evidence as a motion for a new trial based on newly discovered evidence under N.D.R.Crim.P. 33." *Kovalevich v. State*, 2018 ND 184, ¶ 5, 915 N.W.2d 644. To prevail on a motion for a new trial on the basis of newly discovered evidence under N.D.R.Crim.P. 33, the defendant must show: (1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal. *Id.* (citations omitted). A district court's ruling on a motion for new trial is subject to the abuse of discretion standard of review. *Id.* The enactment of N.D.C.C. § 12.1-32-13.1 cannot be considered as material to issues at trial or likely to result in acquittal. A motion for a new trial was improper, the district court did not abuse its discretion in denying the motion, and we affirm the district court's denial of the motion.

[¶7] Generally, requests for a court order must be made by motion. The motion must be in writing, unless made during a hearing or trial. N.D.R.Civ.P. 7(b)(1)(A).

2

However, courts have discretion to hear improper motions. *See Matter of Adoption of J.S.P.L.*, 532 N.W.2d 653, 657 (N.D. 1995).

[¶8]    Here, while the matter was framed as a motion for a new trial, both parties had briefed and prepared for a hearing to determine whether Garcia could seek relief from his sentence through N.D.C.C. § 12.1-32-13.1.  The district court inquired with both parties if they were in agreement that the court could address the applicability of N.D.C.C. § 12.1-32-13.1.  Both parties indicated their consent to have the court proceed with a determination of whether N.D.C.C. § 12.1-32-13.1 could be applied in Garcia's case.  In turn, this Court will treat Garcia's appeal as an appeal of the district court's denial of a motion for reduction of his sentence under N.D.C.C. § 12.1-32-13.1.

### III.

[¶9]    Garcia argues the district court erred in determining he could not seek relief from his sentence pursuant to N.D.C.C. § 12.1-32-13.1.  Garcia contends the statute can be applied in a prospective manner because the triggering event (twenty years of custody) can occur subsequent to the enactment of the statute, that a plain reading of the statute supports retroactive application, or that the statute is ambiguous and the legislative history supports retroactive application.

[¶10]   A statute that lessens the punishment for a criminal act cannot be applied to a sentence if the statute becomes effective after a conviction is final.  *State v. Cummings*, 386 N.W.2d 468, 472, n.2 (N.D. 1986).  "A statute is employed retroactively when it is applied to a cause of action that arose prior to the effective date of the statute." *Id*. at 471 (citing *Reiling v. Bhattacharyya*, 276 N.W.2d 237, 239 (N.D. 1979); *State v. Iverson*, 2006 ND 193, ¶ 6, 721 N.W.2d 396).  When an individual is convicted and that conviction is affirmed on appeal, the conviction is considered final.  *Iverson*, at ¶ 8.

[¶11]   "Legislation lessening punishment may not be applied to final convictions because this would constitute an invalid exercise by the Legislature of the executive pardoning power. *Cummings*, 386 N.W.2d at 472, n.2 (citing *Ex parte Chambers*, 69

3

N.D. 309, 285 N.W. 862, 865 (1939)).  Statutes that reduce final sentences infringe on the executive's pardoning power.  *Iverson*, 2006 ND 193, ¶ 9, 721 N.W.2d 396.

[¶12]  Garcia's original conviction was affirmed on appeal in 1997.  *Garcia*, 1997 ND 60, 561 N.W.2d 599.  The effective date of N.D.C.C. § 12.1-32-13.1 was August 1, 2017.  Because Garcia's conviction was final before the statute's effective date, granting his requested relief would require retroactive application of the statute and would constitute an infringement on the executive pardoning power.  *See Cummings*, 386 N.W.2d at 472, n.2.

[¶13]  We conclude Garcia's argument that the legislature's inclusion of a future triggering event results in prospective application of the statute, not retroactive application of the statute, must fail.  Allowing modification of a final sentence by including within the statute a delay, would allow unfettered infringement on the executive pardoning power.  Any final sentence could be modified through legislative action simply by including within the statute a triggering event.  A statute enacted after a final sentence, even one with a delayed application, requires a retroactive application to modify the final sentence and is an infringement on the executive pardoning power.

IV.

[¶14]  Garcia failed to provide newly discovered evidence to support his motion for a new trial.  Additionally, any application of N.D.C.C. § 12.1-32-13.1 to Garcia's sentence would require retroactive application and be an infringement on the executive pardoning power.  We affirm the order of the district court.

[¶15]  Jon J. Jensen
       Jerod E. Tufte
       Daniel J. Crothers
       Lisa Fair McEvers
       Gerald W. VandeWalle, C.J.

**Tufte, Justice, concurring specially.**

[¶16]  The Governor alone has the power to "grant reprieves, commutations, and pardons."  N.D. Const. art. V, § 7; *State v. Iverson*, 2006 ND 193, ¶ 7, 721 N.W.2d

4

396.  As the Majority explains, when the Governor is presented with a bill that reduces punishment for a criminal offense, our long-established precedent confirms that the bill may apply only to those whose criminal convictions are not yet final.  If the Governor intends to give new legislation retroactive effect to final convictions, the Governor must not only sign the bill into law pursuant to article V, section 9, but also exercise the commutation power under section 7 to grant clemency to those whose convictions are final.  For those, like Garcia, whose convictions were final before a potentially applicable statute lessening punishment became effective, the Constitution limits the available relief to the Governor's power to grant executive clemency.  Our recent decisions affirming these principles do not foreclose relief to those whose convictions are final; they merely require the request be made to the state official who holds the sole power to grant such relief.  *Odom v. State*, 2018 ND 163, 913 N.W.2d 775; *Beeter v. State*, 2018 ND 129, 911 N.W.2d 886; *State v. Cook*, 2018 ND 100, 910 N.W.2d 179; *State v. Myers*, 2017 ND 265, 903 N.W.2d 520; *State v. Iverson*, 2006 ND 193, 721 N.W.2d 396.

[¶17]   Jerod E. Tufte
          Gerald W. VandeWalle, C.J.

5