2013 ND 246

**Tydise Reed PELTIER, Petitioner and Appellant**

**v.**

**STATE of North Dakota, Respondent and Appellee.**

**State of North Dakota, Plaintiff and Appellee**

**v.**

**Tydise Reed Peltier, Defendant and Appellant.**

Nos. 20120447, 20130010.

Supreme Court of North Dakota.

Dec. 19, 2013.

Benjamin C. Pulkrabek, Mandan, ND, for appellant.

Ryan J. Younggren, Assistant State's Attorney, Fargo, ND, for appellee.

KAPSNER, Justice.

[¶ 1] Tydise Reed Peltier appeals from an amended criminal judgment of conviction and from the district court judgment dismissing in part his application for postconviction relief and amending the criminal judgment and sentence in his case. We hold the district court did not err when it amended the judgment of conviction and resentenced Peltier. We also hold that Peltier's probationary sentence on the failure-to-register charge was appropriately categorized as mandatory. We, therefore, affirm the district court judgments.

I

[¶ 2] In 2008, Peltier pled guilty to charges of felony solicitation of minors, felony sexual assault, and misdemeanor failure to register as a sexual offender. Over four years later, Peltier applied for postconviction relief. In his amended postconviction application, Peltier sought to withdraw his guilty pleas and argued ineffective assistance of counsel, violations of due process and double jeopardy, that the facts he pled guilty to did not establish the charged offense, illegal sentencing, unconstitutionality of the statute under which he was convicted, and abuse of process, slander or libel. Following a postconviction hearing, the district court entered a judgment finding Peltier's solicitation of minors charge was improperly charged, but dismissed the rest of Peltier's claims. With respect to the solicitation of minors charge, the district court amended the criminal judgment on that count to a misdemeanor and amended Peltier's sentence on that charge to one year imprisonment.

[¶ 3] Peltier appealed the district court judgment, raising a number of issues, including that the district court erred by not allowing him to withdraw his guilty plea for the sexual assault charge because he was not advised of the mandatory minimum probation. The parties filed a stipulation and joint motion to remand the case on that issue, and this Court ordered the case be temporarily remanded. At the district court, Peltier was allowed to withdraw his guilty plea on the sexual assault charge. He then pled guilty to the charge after being advised of the mandatory minimum probation. This issue was therefore resolved, and the case was then returned to this Court for appeal.

II

[¶ 4] Peltier raises two remaining issues on appeal. First, Peltier argues the district court erred when it amended his solicitation of minors charge from a felony, under N.D.C.C. § 12.1–20–05(2), to a misdemeanor, under § 12.1–20–05(1), and sentenced him on the misdemeanor charge without first arraigning him and having him plead guilty to the misdemeanor charge. "Questions of law are fully reviewable on appeal of a post-conviction proceeding." *Greywind v. State*, 2004 ND 213, ¶ 5, 689 N.W.2d 390 (citing *Peltier v. State*, 2003 ND 27, ¶ 6, 657 N.W.2d 238).

[¶ 5] Rule 36, N.D.R.Crim.P., allows a court to correct a clerical error in a judgment or an error in the record arising from oversight or omission. *See also State v. Treis*, 1999 ND 136, ¶¶ 19–20, 597 N.W.2d 664 (upholding a district court's amendment of a judgment of conviction where the original judgment of conviction

listed the incorrect offense). A clerical error includes a failure to accurately record action taken by the court, but the rule does not extend to correction of errors of substance. N.D.R.Crim.P. 36, Explanatory Note.

[¶ 6] At his plea hearing, Peltier admitted to facts which constituted the elements of the crime of solicitation of a minor over the age of fifteen with the intent to engage in a sexual act. However, the offense was listed as N.D.C.C. § 12.1–20–05(2), rather than N.D.C.C. § 12.1–20–05(1). At the postconviction hearing, the attorney who represented Peltier at his guilty plea hearing testified that both he and Peltier recognized the error in the statute citation, but the attorney felt that pressing the issue at that time would have been detrimental to the plea deal he was negotiating. At the postconviction hearing, both defense counsel and the State conceded that this was a typographical error, and defense counsel requested that the court amend the judgment and sentence, or, if the court was unwilling to make those amendments, that the court allow Peltier to withdraw his plea. The district court granted the defense's request and issued a judgment amending the original criminal judgment to "Solicitation of Minors, in violation of N.D.C.C. § 12.1–20–05(1), a class A misdemeanor." The error corrected by the district court in this case was one of form, rather than substance, and we hold that the court's action was proper under N.D.R.Crim.P. 36.

[¶ 7] With the judgment accurately reflecting the crime of conviction, N.D.R.Crim.P. 35, allows a sentencing court to correct an illegal sentence or a sentence that resulted from clear error. *See also State v. Igou*, 2005 ND 16, ¶ 16, 691 N.W.2d 213 (reversing and remanding a similar case for resentencing where the defendant was convicted of misdemeanor solicitation of a minor but sentenced for a felony). In this case, after the judgment was amended to reflect conviction of a misdemeanor, rather than a felony, resentencing under Rule 35 was proper in order to correct an illegal sentence.

## III

[¶ 8] Peltier's final argument is that the district court erred by not allowing him to withdraw his guilty plea for the failure-to-register charge, because he may have been incorrectly informed of the applicable penalty. While not raised in Peltier's postconviction application, the issue of Peltier's probationary sentence for the failure-to-register charge was addressed briefly at the postconviction hearing.

[¶ 9] In a prior case in 1997, Peltier was convicted of abusive sexual contact without permission. As part of the sentencing in that case, Peltier was required to register as a sexual offender in Barnes County. This requirement included that he notify the Barnes County Sheriff's Office in the future of any change in address.

[¶ 10] In this case, Peltier was charged with three different crimes: solicitation of minors, sexual assault, and failure to register as a sexual offender. Separate sentences were imposed for each crime, and separate rules of law applied to each sentence. In his final argument, Peltier is challenging only the sentencing for the failure-to-register charge. He was charged in this case with failure to register as a sexual offender, because he moved from Barnes County to Cass County and did not notify the Barnes County Sheriff's Office of his change in address. Peltier pled guilty to the failure-to-register charge, and the district court sentenced him to one year of "mandatory supervised probation."

[¶11] Peltier argues that his probationary sentence for this charge should not have been mandatory. He argues that N.D.C.C. § 12.1–32–06.1(3) applied, which says that the court "may" impose probation for crimes that are listed under N.D.C.C. ch. 12.1–20. The problem with this argument is that the crime for which Peltier was convicted, and the crime for which the sentence of mandatory probation was imposed, is not a violation of N.D.C.C. ch. 12.1–20. The mandatory probation sentence that Peltier challenges was imposed for the crime of failure to register as a sexual offender, not for the crimes of felony solicitation of minors or felony sexual assault, or for the crimes of which he was convicted in the earlier proceeding. The crime of failure to register as a sexual offender is not listed under N.D.C.C. ch. 12.1–20; it is codified under N.D.C.C. ch. 12.1–32. Because the permissive probationary provisions of N.D.C.C. § 12.1–32–06.1(3) only apply to crimes listed under N.D.C.C. ch. 12.1–20, N.D.C.C. § 12.1–32–06.1(3) is not applicable to Peltier's sentence for the charge of failure to register as a sexual offender.

[¶12] Instead, N.D.C.C. § 12.1–32–15(9) indicates that, when an individual is convicted and sentenced for the crime of failure to register as a sexual offender, "A court may not relieve an individual ... from serving a term of at least ninety days in jail and completing probation of one year." Thus, the probationary sentence for Peltier's failure-to-register charge was appropriately characterized as mandatory. Peltier offers no evidence that he was informed otherwise. Because Peltier offers no evidence to support the argument that he was incorrectly informed of the penalty for pleading guilty to the charge of failure to register as a sexual offender, the district court did not err in refusing to allow him to withdraw his guilty plea on the failure-to-register charge.

## IV

[¶13] We affirm the district court judgments.

[¶14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.