2016 ND 192

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Joshua Michael PETERSON, Defendant and Appellant.**

No. 20160070.

Supreme Court of North Dakota.

Oct. 4, 2016.

Marie A. Miller, Assistant State's Attorney, Ward County Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Scott O. Diamond, Fargo, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Joshua Peterson pled guilty to class B felony burglary. Judgment was entered in which Peterson was sentenced to ten years imprisonment with five years suspended. Subsequently, the State moved the district court to correct the judgment. Peterson appeals from an amended criminal judgment entered after the district court granted the State's motion. We conclude the district court did not err when it amended the judgment to reflect the eighty-five percent service requirement under N.D.C.C. § 12.1–32–09.1 applied to Peterson's sentence. We affirm the amended judgment.

I

[¶ 2] On April 30, 2015, Peterson was charged with burglary by criminal complaint. The criminal complaint stated Peterson was charged with burglary in violation of N.D.C.C. §§ 12.1–22–02, 12.1–22–02(2)(b), and 12.1–32–01. At the June 10, 2015 change of plea hearing, the district court initially asked Peterson for his plea for a charge of class C felony burglary. Peterson responded and pled guilty. Peterson's counsel pointed out the burglary charge was set for a preliminary hearing that day and stated Peterson waived the hearing and the reading of his rights. Peterson then personally waived the preliminary hearing on the burglary charge. The State clarified the burglary charge was a class B felony because of the aggravating factors of the immediate flight and the intent to inflict bodily injury on an officer. The district court asked Peterson whether he intended to persist with his plea of guilty. After some discussion with his attorney off the record, Peterson agreed to persist in his guilty plea. The district court then asked Peterson whether he wanted the information read to him. Peterson waived the reading of the informa-

tion. The district court then inquired whether Peterson would waive any irregularities with the proceeding because the district court initially took the plea prior to Peterson waiving his right of a preliminary hearing and the filing of an information. Peterson agreed to waive any irregularities with the proceeding.

[¶ 3] The district court made oral findings that the plea was entered knowingly, voluntarily, and intelligently and then asked for a factual basis for the guilty plea. The State gave a factual basis that indicated the defendant was seen in a vehicle outside the burglarized business and ordered to stop by an investigating officer. The defendant drove away in a manner that appeared an attempt to strike the ordering officer. Peterson's counsel responded to the State's assertions:

> Your Honor, just in regard to the vehicle. He was fleeing the scene. He wasn't directing anything at an officer, but he was fleeing the scene in his vehicle. And his vehicle was eventually brought to a halt.

Peterson agreed with his attorney's statement. The court found there was a sufficient factual basis for the guilty plea and sentenced Peterson to ten years in prison with five years suspended and credit for 41 days served. The court entered a criminal judgment on June 11, 2015. The judgment listed the statute as "12.1–22–02" and under the "Degree" column was listed "Felony B."

[¶ 4] On September 29, 2015, the State filed a Motion to Correct Judgment under N.D.R.Crim.P. 35(a)(2). The State's motion moved the criminal judgment be amended to reflect Peterson's guilty plea to N.D.C.C. § 12.1–22–02(2)(b). The State argued the change was necessary because of "technical or other clear error." The State noted the Department of Correction's policy required either specific reference to N.D.C.C. § 12.1–22–02(2)(b) or some other indication that the eighty-five percent service requirement of N.D.C.C. § 12.1–32–09.1 applied to Peterson's sentence to appear on the criminal judgment before the Department would apply the eighty-five percent service requirement to a sentence.

[¶ 5] The district court held a hearing on the motion at which Peterson represented himself. The court asked Peterson whether he chose to appear self-represented. Peterson responded affirmatively. The State indicated the criminal judgment had a "clerical error" that needed to be corrected because only the general statute for burglary was listed. The State referred to the transcript of the change of plea hearing and argued it was clear Peterson pled guilty to N.D.C.C. § 12.1–22–02(2)(b). The court asked Peterson if he had read the transcript. When Peterson responded that he had not, the court told him a printed copy would be provided for his review. The court then orally reviewed a portion of the transcript from the change of plea hearing. Peterson pointed to the portion of the transcript where he and his counsel disputed the presence of the aggravating factors and argued that the court should change the charge to a class C felony. The court explained there was only a limited motion before the court, and if Peterson was going to make a motion, he would need to do it within the applicable timeline. The court asked the State whether the criminal judgment should be amended or corrected. The State responded, "[c]orrected. The clerical error in the criminal judgment should be corrected at this time." The court gave Peterson an opportunity to speak one last time. Peterson again argued he had no violent intent.

[¶ 6] After the hearing, the district court entered an order stating the judg-

ment would be amended "to reflect the appropriate Statute for the charge of Burglary, N.D.C.C. § 12.1–22–02(2)(b) and that the requirements of 12.1–32–09.1 apply." The district court entered an amended criminal judgment on February 16, 2016 that stated the eighty-five percent service requirement applied to Peterson. The statute referenced was not changed to include the specific subsection and subdivision as contemplated by the order directing the amended criminal judgment. The only change made was the addition of "85% Rule—Ward" under the heading of "Order of the Court and Conditions." Under "Comment" in the same section, it states, "N.D.C.C. 12.1–32–09.1 applies in this situation, such that the Defendant will not be eligible for release from incarceration on any basis until eighty-five percent (85%) of the sentence imposed by the Court has been served or the sentence is commuted." Peterson filed a notice of appeal on February 19, 2016.

## II

[¶ 7] On appeal, Peterson argues the district court erred when it amended the criminal judgment because the change to the judgment resulted in an increase in Peterson's sentence. Peterson contends the district court's actions were prohibited by Rule 35, N.D.R.Crim.P. and violated Peterson's constitutional protections against double jeopardy.

[¶ 8] Under either theory, the critical issue is whether the amended judgment resulted in an increase in Peterson's sentence. "This Court's case law and N.D.R.Crim.P. 35 do not permit district courts to order a sentence, then later increase the sentence." *State v. Kaseman*, 2008 ND 196, ¶ 11, 756 N.W.2d 923. "The distinction that the court during the same term may amend a sentence ... but not so as to increase it, is not based upon the ground that the court has lost control of the judgment in the latter case, but upon the ground that to increase the penalty is to subject the defendant to double punishment for the same offense in violation of the Fifth Amendment to the [United States] Constitution, which provides that no person shall be subject for the same offense to be twice put in jeopardy of life or limb." *United States v. Benz*, 282 U.S. 304, 307, 51 S.Ct. 113, 75 L.Ed. 354 (1931). The district court's decision to amend a judgment is subject to sound judgment and will not be reversed on appeal unless there is an abuse of discretion. *State v. Rueb*, 249 N.W.2d 506, 511–12 (N.D.1976). "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *State v. Moos*, 2008 ND 228, ¶ 30, 758 N.W.2d 674. "The standard of review for constitutional issues is de novo." *State v. Loughead*, 2007 ND 16, ¶ 7, 726 N.W.2d 859.

[¶ 9] The district court amended Peterson's criminal judgment to indicate the applicability of N.D.C.C. § 12.1–32–09.1 to his sentence. Section 12.1–32–09.1, N.D.C.C., also known as the "85% Rule," imposes an eighty-five percent service requirement on those convicted of an offense listed in the statute and sentenced to imprisonment. Section 12.1–32–09.1, N.D.C.C., provides:

1. Except as provided under section 12–48.1–02 and pursuant to rules adopted by the department of corrections and rehabilitation, an offender who is convicted of a crime in violation of section 12.1–16–01, 12.1–16–02, subsection 2 of section 12.1–17–02, section 12.1–18–01, subdivision a of subsection 1 or subdivision b of subsection 2 of sec-

tion 12.1–20–03, section 12.1–22–01, subdivision b of subsection 2 of section 12.1–22–02, or an attempt to commit the offenses, and who receives a sentence of imprisonment is not eligible for release from confinement on any basis until eighty-five percent of the sentence imposed by the court has been served or the sentence is commuted.

[¶ 10] Peterson argues the district court's inclusion of language referring to the "85% Rule" resulted in an increase in sentence because the amended judgment contained a condition not present in the original criminal judgment. This Court has held the eighty-five percent service requirement of N.D.C.C. § 12.1–32–09.1 is a parole condition. *State v. Raulston,* 2005 ND 212, ¶ 12, 707 N.W.2d 464. "Although a district court may inform a defendant of the N.D.C.C. § 12.1–32–09.1 requirements, and is encouraged to do so, there is no such requirement under the rules of criminal procedure or North Dakota law." *Id.* The district court was under no affirmative obligation to inform Peterson that the charge to which he pled guilty would trigger the eighty-five percent service requirement.

[¶ 11] Peterson relies on *State v. Bryan,* 316 N.W.2d 335 (N.D.1982), to assert the amended judgment increased the sentence despite not changing the overall length of imprisonment. In *Bryan,* the district court recalled the defendant and resentenced him to three concurrent 18-month sentences from three consecutive six-month sentences. *Id.* at 335–36. There, the sentencing court realized the original sentence imposed would, under N.D.C.C. § 12.1–32–02(9), permit the defendant to have his felonies reduced to misdemeanors upon successful completion of the term of imprisonment. *Id.* at 337. This Court held the second sentence increased the punishment, and the district

court's attempt to change Bryan's original sentence violated the provisions of N.D.R.Crim.P. 35. *Id.* at 338.

[¶ 12] *Bryan* is different from this case. In *Bryan,* this Court determined "the modification of a sentence that would effectively deny a defendant's ability to utilize Section 12.1–32–02(9) to reduce a felony conviction to a misdemeanor or by successful completion of his sentence ... increase[d] the punishment of the original sentence." 316 N.W.2d at 337. In Peterson's case, the parole condition was present at the moment he pled guilty. The plain language of N.D.C.C. § 12.1–32–09.1 indicates the eighty-five percent service requirement is a condition of law. The statute states a person who is convicted of a crime in violation of "subdivision b of subsection 2 of section 12.1–22–02" and "receives a sentence of imprisonment is not eligible for release from confinement on any basis until eighty-five percent of the sentence imposed by the court has been served or the sentence is commuted." N.D.C.C. § 12.1–32–09.1(1). Peterson was charged by criminal complaint and information with class B felony burglary in violation of N.D.C.C. § 12.1–22–02(2)(b), pled guilty to class B felony burglary, waived reading of the information that would have reiterated the specific subsection of the burglary statute, and was sentenced to ten years in prison with five years suspended, which is a sentence permissible in a class B felony conviction. *See* N.D.C.C. § 12.1–32–01(3). Because the eighty-five percent service requirement was a condition of parole which had automatic application to Peterson's guilty plea to N.D.C.C. § 12.1–22–02(2)(b), the amended criminal judgment did not result in an increase in his sentence.

[¶ 13] The original criminal judgment stated the conviction was for a class B felony burglary, but only listed the general

statute for burglary, N.D.C.C. § 12.1–22–02. The only alternative form of class B felony burglary is N.D.C.C. § 12.1–22–02(2)(a), which states burglary is a class B felony if: "The offense is committed at night and is knowingly perpetrated in the dwelling of another." This distinction is of great importance in this case, because the eighty-five percent service requirement under N.D.C.C. § 12.1–32–09.1 does not apply to a violation of N.D.C.C. § 12.1–22–02(2)(a).

[¶ 14] The record indicates Peterson was informed to which type of class B felony burglary he was pleading guilty. Section 12.1–22–02(2)(b), N.D.C.C., includes aggravating factors that elevate a burglary conviction from a class C felony to a class B felony:

> In effecting entry or while in the premises or in immediate flight therefrom, the actor inflicts or attempts to inflict bodily injury or physical restraint on another, or menaces another with imminent serious bodily injury, or is armed with a firearm, destructive device, or other weapon the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury.

[¶ 15] The factual basis given at the change of plea hearing only matches the conduct required under N.D.C.C. § 12.1–22–02(2)(b). When asked for a factual basis for the guilty plea at the June 10, 2015 change of plea hearing, the State responded by stating, in relevant part:

> Peterson and Butler were both located in a motor vehicle outside of the business of Minot Welding. They were given commands to stop and exit the motor vehicle. Neither complied. Peterson was the driver of the motor vehicle. He drove the motor vehicle towards law enforcement Officer Brandon Schmitt in an attempt it looked as though through the physical evidence an attempt to strike Officer Schmitt.

The criminal complaint and the information filed in the case also stated, in relevant part:

> To wit: Joshua Michael Peterson willfully entered Minot Welding, when at the time Minot [W]elding was not open to the public and Joshua Michael Peterson was not licensed, invited, or otherwise privileged to enter or remain, with the intent to commit the crime of theft of property therein, and while in immediate flight therefrom, [Joshua] Michael Peterson attempted to inflict bodily injury on Brandon Schmitt, or menaced Brandon Schmitt with imminent serious bodily injury. Said offense is a CLASS B FELONY.

Neither party disputes there was no amended information filed in Peterson's case. Peterson did not seek to withdraw his guilty plea after his attorney's statement acknowledging flight from the scene as the driver of the vehicle. The district court concluded, "[n]othing at the sentencing hearing indicated the Defendant was pleading guilty only to 12.1–22–02 and not to the 12.1–22–02(2)(b) charge, which would trigger N.D.C.C. § 12.1–32–09.1 eighty-five percent requirement." The amended criminal judgment clarified the applicability of the eighty-five percent service requirement to Peterson's sentence as was contemplated by his plea of guilty to class B felony burglary under N.D.C.C. § 12.1–22–02(2)(b). Because the district court's actions did not increase Peterson's sentence, the court's actions neither violated N.D.R.Crim.P. 35, nor violated Peterson's constitutional right against double jeopardy.

### III

[¶ 16] Peterson argues the district court's change to Peterson's sen-

tence is not permitted by the plain language of Rule 35, N.D.R.Crim.P., because the original criminal judgment did not contain an error. While the State requested the amendment and the district court acted under N.D.R.Crim.P. 35(a)(2), the amendment was properly made under N.D.R.Crim.P. 36. Rule 35(a)(2), N.D.R.Crim.P., applies when there is an "arithmetical, technical, or other clear error." The explanatory notes to Rule 35, N.D.R.Crim.P., state that Rule 35 generally "encompasses two forms of relief: reduction of sentence, and correction of sentence illegal in form or manner of imposition or given in error." Rule 35(a)(2), N.D.R.Crim.P., mirrors Fed.R.Crim.P. 35(a), aside from the Federal Rule's requirement that the correction be made within 14 days of sentencing. "The authority under this subdivision is very narrow and extends only to those cases where an obvious mistake occurred in the sentence, i.e., a mistake that would almost certainly result in a remand of the case to the trial court. Courts agree that Rule 35(a) has a narrow scope." Charles Alan Wright, Andrew D. Leipold, Peter J. Henning, Sarah N. Welling, *Federal Practice and Procedure* § 613 (4th ed.2016). However, the district court still had authority to make the correction under N.D.R.Crim.P. 36.

[¶ 17] The explanatory notes to N.D.R.Crim.P. 36 state, "Rule 36 is adapted from and contains language identical to Fed.R.Crim.P. 36. The rule is also similar to N.D.R.Civ.P. 60(a) and provides for correction of clerical error at any time." The text of N.D.R.Crim.P. 36 provides, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The explanatory notes indicate N.D.R.Crim.P. 36 is limited in scope to correction of clerical errors or errors of oversight or omission and does not apply to correction of errors of substance. As the explanatory note to N.D.R.Crim.P. 36 states, "[a] clerical error involves a failure to record accurately a statement made or action taken by the court or one of the parties."

[¶ 18] Federal caselaw illustrates the type of error the district court may correct under Rule 36. "As courts have held in the context of [Fed.R.Crim.P.] Rule 36's twin, Federal Rule of Civil Procedure 60(a), a clerical error 'must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987) (quoting *Dura–Wood Treating Co. v. Century Forest Indus.*, 694 F.2d 112, 114 (5th Cir.1982)). In *United States v. Barnes*, a defendant was charged with violations of Title 26 U.S.C. § 7206(2) of the Internal Revenue Code of 1954. 313 F.2d 325, 327 (6th Cir.1963). The judgment stated the defendant was charged with violations of U.S.C. § 7206(a). *Id.* The Court noted there was no such subsection (a) under the general section of the statute. *Id.* The defendant argued that because of the error, he was illegally sentenced and requested a new trial. *Id.* The Court held the insertion of subsection (a) for subsection (2) was a clerical error capable of correction by the district court at any time under Rule 36 of the Federal Rules of Criminal Procedure. *Id.* at 328.

[¶ 19] A clerical error in a judgment capable of correction under N.D.R.Crim.P. 36, "includes a failure to accurately record action taken by the court, but the rule does not extend to correction of errors of substance." *Peltier v. State*, 2013 ND 246, ¶ 5, 841 N.W.2d 236

(citing N.D.R.Crim.P. 36, Explanatory Note). *See also State v. Treis,* 1999 ND 136, ¶¶ 19–20, 597 N.W.2d 664 (upholding a district court's amendment of a judgment of conviction where the original judgment of conviction listed the incorrect offense). A missing or incorrect subsection number on a criminal judgment is an error capable of correction by the sentencing court under N.D.R.Crim.P. 36. In *Peltier,* the district court amended a judgment containing an incorrect subsection of a statute as the offense to which the defendant pled guilty. 2013 ND 246, ¶ 6, 841 N.W.2d 236. Peltier admitted to facts which constituted the elements of the crime of solicitation of a minor over the age of fifteen with the intent to engage in a sexual act in violation of N.D.C.C. § 12.1–20–05(1). *Id.* However, the offense was listed on the judgment as N.D.C.C. § 12.1–20–05(2). *Id.* Peltier requested the judgment be amended at a post-conviction hearing. The district court granted the request and issued a judgment amending the original criminal judgment to "Solicitation of Minors, in violation of N.D.C.C. § 12.1–20–05(1), a class A misdemeanor." *Id.* We stated the error corrected by the district court was one of form, rather than substance, and held the court's action was proper under N.D.R.Crim.P. 36. *Id.*

[¶ 20]   Here, the error was clerical and was not an error of substance. Peterson was on notice of the charge against him through the criminal complaint, the information, the State's clarification at the change of plea hearing that the aggravating factors appearing in N.D.C.C. § 12.1–22–02(2)(b) were present, and the State's factual basis that echoed the same. Similar to *Barnes,* there is no class B felony burglary under the general statute N.D.C.C. § 12.1–22–02. 313 F.2d 325, at 327. Class B felony burglary is either N.D.C.C. § 12.1–22–02(2)(a) or § 12.1–22–02(2)(b). As stated above, both charging documents and the change of plea hearing indicated Peterson pled guilty to N.D.C.C. § 12.1–22–02(2)(b). The error corrected by the district court was clerical, and the district court had authority to make the correction under N.D.R.Crim.P. 36. While the district court ordered the change under the incorrect rule, the court did not abuse its discretion when it ordered the change be made and entered an amended criminal judgment.

IV

[¶ 21]   The district court's actions were proper under N.D.R.Crim.P. 36. Accordingly, we affirm the amended judgment.

[¶ 22]   GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.