2017 ND 265

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Danny MYERS, Defendant and Appellant**

No. 20170094

Supreme Court of North Dakota.

Filed 11/16/2017

Derek K. Steiner, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Samuel A. Gereszek, East Grand Forks, MN, for defendant and appellant.

McEvers, Justice.

[¶1] Danny Myers appeals from a district court order denying his motion to correct his sentence under N.D.R.Crim.P. 35(a)(2). Myers's motion sought to retroactively apply 2015 legislative amendments, which removed class C felony aggravated assault from the statutory provision requiring a person to serve eighty-five percent of a sentence of incarceration. We conclude the court did not abuse its discretion in denying his motion under N.D.R.Crim.P. 35(a)(2) because his sentence did not contain an arithmetical, technical, or other clear error to correct. We affirm.

I

[¶2] In 2012, Myers pled guilty to aggravated assault, a class C felony, and was sentenced to five years with the department of corrections with all five years suspended for five years of supervised probation.

[¶3] In 2013, the State petitioned the district court to revoke Myers's probation.

After a revocation hearing, the court revoked his probation and resentenced him to five years with the department of corrections. In 2015, the legislature amended both N.D.C.C. § 12.1–17–02 (defining class B and C felony offenses for aggravated assault) and N.D.C.C. § 12.1–32–09.1 (requiring service of eighty-five percent of a sentence for specified offenses) to remove class C felony aggravated assault from the eighty-five percent service requirement.

[¶4] In February 2017, Myers moved the district court to correct his sentence, asserting his original judgment and amended judgment are silent on whether the statutory eighty-five percent service requirement applies. His motion essentially sought retroactive application of the 2015 legislative changes to his 2012 class C felony conviction and 2013 sentence. The State opposed his motion. After a hearing, the court entered an order denying his motion.

## II

[¶5] Myers argues the district court abused its discretion in denying his motion to correct his sentence under N.D.R.Crim.P. 35(a)(2). Specifically, he asserts a "technical or clear error" exists because both the original judgment and amended judgment are silent on whether the eighty-five percent service requirement under N.D.C.C. § 12.1–32–09.1 applies to his sentence.

[¶6] Rule 35(a)(2), N.D.R.Crim.P., states in relevant part: "After giving any notice it considers appropriate, the sentencing court may correct a sentence that resulted from arithmetical, technical, or other clear error." We have said that "[t]he district court's decision to amend a judgment is subject to sound judgment and will not be reversed on appeal unless there is an abuse of discretion." *State v. Peterson*, 2016 ND 192, ¶ 8, 886 N.W.2d 71. A court abuses its discretion if it acts in an arbi-

trary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law. *Id.*; *see also State v. Moos*, 2008 ND 228, ¶ 30, 758 N.W.2d 674.

[¶7] At the time of Myers's 2012 conviction and 2013 resentencing, N.D.C.C. § 12.1–17–02, which defines class B and C aggravated assault, provided:

A person is guilty of a class C felony, except if the victim is under the age of twelve years or the victim suffers permanent loss or impairment of the function of a bodily member or organ in which case the offense is a class B felony, if that person:

1. Willfully causes serious bodily injury to another human being;

2. Knowingly causes bodily injury or substantial bodily injury to another human being with a dangerous weapon or other weapon, the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury;

3. Causes bodily injury or substantial bodily injury to another human being while attempting to inflict serious bodily injury on any human being; or

4. Fires a firearm or hurls a destructive device at another human being.

Section 12.1–32–09.1, N.D.C.C., at that time stated: "[A]n offender who is convicted of a crime in violation of section ... 12.1–17–02, ... and who receives a sentence of imprisonment is not eligible for release from confinement on any basis until eighty-five percent of the sentence imposed by the court has been served or the sentence is commuted." (Emphasis added.)

[¶8] In 2015, the legislature amended both N.D.C.C. §§ 12.1–17–02 and 12.1–32–09.1, removing class C felony aggravated assault from the eighty-five percent ser-

vice requirement. 2015 N.D. Sess. Laws ch. 104, §§ 1, 2. From August 1, 2015, to July 31, 2017, N.D.C.C. § 12.1–17–02 provided:

1. Except as provided in subsection 2, a person is guilty of a class C felony if that person:

   a. Willfully causes serious bodily injury to another human being;

   b. Knowingly causes bodily injury or substantial bodily injury to another human being with a dangerous weapon or other weapon, the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury;

   c. Causes bodily injury or substantial bodily injury to another human being while attempting to inflict serious bodily injury on any human being; or

   d. Fires a firearm or hurls a destructive device at another human being.

2. The person is guilty of a class B felony if the person violates subsection 1 and the victim is under the age of twelve years or the victim suffers permanent loss or impairment of the function of a bodily member or organ.

Section 12.1–32–09.1, N.D.C.C., was amended to state, in relevant part: "[A]n offender who is convicted of a crime in violation of ... subsection 2 of section 12.1–17–02, ... and who receives a sentence of imprisonment is not eligible for release from confinement on any basis until eighty-five percent of the sentence imposed by the court has been served or the sentence is commuted." (Emphasis added.)

[¶9] Myers asserts, correctly, that his conviction for class C felony aggravated assault would not presently trigger the eighty-five percent service requirement. He contends that our decision in *Peterson*, 2016 ND 192, ¶ 4, 886 N.W.2d 71, indicates that a criminal judgment must specify the eighty-five percent service requirement applies before the department of corrections would apply it. He contends an "error" exists that needs to be rectified because his judgment and amended judgment are silent on this issue. Although he concedes statutory provisions do not apply retroactively unless the legislature expressly manifests a contrary indication, *see* N.D.C.C. § 1–02–10, he claims he is entitled to retroactive applicability of the amended N.D.C.C. § 12.1–32–09.1 because the new law confers a benefit. *See Smith v. Baumgartner*, 2003 ND 120, ¶ 11, 665 N.W.2d 12.

[¶10] The State responds that the amendments to N.D.C.C. § 12.1–32–09.1 cannot be applied retroactively because the changes became effective after Myers had been finally convicted. *See State v. Iverson*, 2006 ND 193, ¶ 7, 721 N.W.2d 396. The State argues N.D.R.Crim.P. 35(a)(2) does not apply because the amended judgment's silence on whether the eighty-five percent service requirement applies is neither a technical nor a clear error. We agree that N.D.R.Crim.P. 35(a)(2) does not provide the relief Myers is seeking in his motion.

[¶11] Myers's reliance on *Peterson*, 2016 ND 192, 886 N.W.2d 71, is misplaced. In *Peterson*, the criminal judgment stated the defendant was convicted of a class B felony under N.D.C.C. § 12.1–22–02. *Peterson*, at ¶¶ 3–4. The reference to the statutory citation for burglary, without citing to the specific subsection under N.D.C.C. § 12.1–22–02(2)(b), did not adequately reflect that Peterson was subject to the eighty-five percent service requirement. *Peterson*, at ¶ 4. The State moved to correct under N.D.R.Crim.P. 35(a)(2), requesting the district court amend the judgment to reflect the defendant's guilty plea to N.D.C.C.

§ 12.1–22–02(2)(b). *Peterson*, at ¶ 4. The State asserted the department of corrections required a specific reference to either N.D.C.C. § 12.1–22–02(2)(b) or some other indication the eighty-five percent service requirement of N.D.C.C. § 12.1–32–09.1 applied. *Peterson*, at ¶ 4. The court clarified the amended judgment to state the applicability of the eighty-five percent service requirement to the defendant's sentence, as originally contemplated by his guilty plea. *Peterson*, at ¶ 15. We ultimately affirmed the amended judgment on appeal, holding the district court's actions were proper as a clerical error under N.D.R.Crim.P. 36, rather than N.D.R.Crim.P. 35. *Peterson*, at ¶¶ 20–21.

[¶12] Unlike *Peterson*, this case requires no such clarification of the judgment. Myers's 2013 amended criminal judgment plainly states that he was convicted of class C felony aggravated assault. At that time, the eighty-five percent service requirement applied to all offenders, regardless of degree, convicted of aggravated assault under N.D.C.C. § 12.1–17–02. While the statutes have since been amended to remove the class C felony aggravated assault offense from the eighty-five percent service requirement, this simply does not constitute an "error" in his sentence to be corrected under N.D.R.Crim.P. 35(a)(2). We therefore conclude Myers's motion was not properly brought under N.D.R.Crim.P. 35(a)(2), because there is no arithmetical, technical, or other clear error in his sentence to correct.

[¶13] Although not before the district court at the time of his motion, we note N.D.C.C. § 12.1–32–09.1 has again been amended in 2017, to add the following subsection:

4. An offender who is convicted of a class C felony in violation of section 12.1–17–02, or an attempt to commit the offense, and who has received a sentence of imprisonment or a sentence of imprisonment upon revocation of probation before August 1, 2015, is eligible to have the offender's sentence considered by the parole board.

2017 N.D. Sess. Laws ch. 164, § 4 (effective August 1, 2017). Contrary to Myers's claims during oral argument, the legislature has specifically provided a remedy for those offenders convicted of class C felony aggravated assault and sentenced before August 1, 2015. Nevertheless, his motion under N.D.R.Crim.P. 35(a)(2) cannot provide the relief he presently seeks.

[¶14] We conclude the district court did not abuse its discretion in denying Myers's motion under N.D.R.Crim.P. 35(a)(2) because his sentence and amended criminal judgment do not contain an arithmetical, technical, or other clear error for the court to correct.

### III

[¶15] The order is affirmed.

[¶16] Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Jon J. Jensen

Gerald W. VandeWalle, C.J.