# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 179

State of North Dakota,                                                    Plaintiff and Appellee

v.

Dametrian Marcel Welch,                                              Defendant and Appellant

No. 20180444

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Donald Hager, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Carmell F. Mattison, Assistant State's Attorney, Grand Forks, N.D., for plaintiff and appellee; submitted on brief.

Laura C. Ringsak, Bismarck, N.D., for defendant and appellant; submitted on brief.

**Tufte, Justice.**

[¶1]     Dametrian Marcel Welch appeals from a district court order and amended criminal judgment. The judgment states Welch pled guilty to "Criminal Facilitation to Murder" under N.D.C.C. § 12.1-06-02. He argues that "to Murder" should not be on the judgment because it is not the title of the statute under which he was convicted. The State argues the district court did not abuse its discretion in describing the offense of conviction as "Criminal Facilitation to Murder." We affirm.

I

[¶2]     In the original judgment, count one incorrectly stated that Welch pled guilty to murder in violation of N.D.C.C. § 12.1-16-01(1).  Although Welch was originally charged with murder, under the plea agreement the State amended the charge to "Criminal Facilitation to Murder" in exchange for Welch's guilty plea to both criminal facilitation to murder and conspiracy to commit burglary. Welch requested the court correct its clerical error in the original judgment by amending the title of the offense in count one from "murder" to "criminal facilitation" and listing the facilitation statute, N.D.C.C. § 12.1-06-02, instead of the murder statute. The State agreed that the facilitation statute could be added but should not replace the murder statute because the charge was facilitation of murder. The State agreed to rename the offense but suggested using "Criminal Facilitation to Murder."

[¶3]     The court held a hearing on the matter. It was determined that two statutes could not be inserted into one count on the judgment due to a limitation of the court's computer system. The court decided that the judgment should be amended to cite the correct statute for facilitation (N.D.C.C. § 12.1-06-02) and that the offense should be titled "Criminal Facilitation to Murder." The court reasoned that adding the phrase "to Murder" explained the offense's classification as a C felony. Welch argues it was an

1

abuse of discretion for the district court to include "to Murder" on the title of the offense of count one in the amended judgment.

II

[¶4]    This Court has determined "the district court's decision to amend a judgment is subject to sound judgment and will not be reversed on appeal unless there is an abuse of discretion." *State v. Myers*, 2017 ND 265, ¶ 6, 903 N.W.2d 520 (quoting *State v. Peterson*, 2016 ND 192, ¶ 8, 886 N.W.2d 71). "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Peterson*, at ¶ 8.

[¶5]    Rule 36, N.D.R.Crim.P., states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The rule's explanatory note states that Rule 36 is "adapted from and contains language identical to Fed.R.Crim.P. 36 . . . and provides for correction of [a] clerical error at any time." *Peterson*, 2016 ND 192, ¶ 17, 886 N.W.2d 71 (quoting N.D.R.Crim.P. 36, Explanatory Note). Rule 36 "is limited in scope to correction of clerical errors or errors of oversight or omission and does not apply to correction of errors of substance." *Peterson*, at ¶ 17 (citing N.D.R.Crim.P. 36, Explanatory Note). Federal case law further describes what constitutes a clerical error as one that "must not be . . . of judgment or even of misidentification, but merely of recitation . . . mechanical in nature." *Peterson*, at ¶ 18. Thus a "clerical error in a judgment capable of correction under N.D.R.Crim.P. 36, 'includes a failure to accurately record action taken by the court, but the rule does not extend to correction of errors of substance.'" *Peterson*, at ¶ 19 (quoting *Peltier v. State*, 2013 ND 246, ¶ 5, 841 N.W.2d 236 (citing N.D.R.Crim.P. 36, Explanatory Note ("A clerical error involves a failure to record accurately a statement made or action taken by the court or one of the parties."))). Thus, it was within the district court's power to correct the error. The only question that remains is whether the court abused its discretion by including "to Murder" in the

2

title of the offense when it corrected the title of the crime listed under count one in the original judgment.

[¶6] Welch argues the judgment should read only "Criminal Facilitation" because "there is no law requiring, or allowing, additional criminal statutes to be 'listed' on a criminal conviction for sake of 'clarity.'" He asserts the only things that may be listed on the criminal judgment are the crimes for which a person has been convicted. In its essence, Welch's argument is that "Criminal Facilitation to Murder" is not the title of the statute he violated, is not listed within that statute, and is not the title of any statute. Thus, he claims the judgment "cannot state a crime for which there is no specific statute."

[¶7] Under N.D.R.Crim.P. 32(b), a judgment "must include the plea, the verdict, and the sentence imposed." When interpreting rules, "we apply principles of statutory construction." *Sanderson v. Walsh County*, 2006 ND 83, ¶ 16, 712 N.W.2d 842. We give words "their plain, ordinary and commonly understood meaning." *Bride v. Trinity Hospital*, 2019 ND 131, ¶ 7, 927 N.W.2d 416. We give meaning to each word and phrase. *Sanderson*, at ¶ 16. "We also consider the actual language, its connection with other clauses, and the words or expressions which obviously are by design omitted. In construing statutes and rules, the law is what is said, not what is unsaid, and the mention of one thing implies exclusion of another." *Id*. (internal citations and quotations omitted). Rule 32(b) lists three things a judgment must include:  the plea, the verdict, and the sentence. Nothing more is required, but additional words may be included so long as they do not constitute an abuse of discretion.

[¶8] The fact that the statute is not titled "Criminal Facilitation to Murder" is inconsequential. The title of a statute is not part of the statute. *See* N.D.C.C. § 1-02-12. The presence of the phrase in Welch's amended judgment was included by the district court to fully describe the offense of conviction. None of the inchoate criminal statutes include the names of the underlying crimes to which they apply in the titles of the statutes. *See* N.D.C.C. § 12.1-06-01 through § 12.1-06-04 (defining criminal attempt, criminal facilitation, criminal solicitation, and criminal conspiracy). When

3

a defendant is charged with one of these crimes, it is necessary to include the name of the underlying crime in the charging document and the judgment. Without identifying the underlying crime, there would be no indication of the required elements or the offense classification. If only the facilitation statute, N.D.C.C. § 12.1-06-02, were listed and the phrase "to Murder" were not included in the judgment, it would be unclear what was the crime of conviction.

### III

[¶9]   The district court did not abuse its discretion by amending the judgment to describe count one as "Criminal Facilitation to Murder." We affirm the district court judgment.

[¶10]   Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Gary Lee, D.J.
Gerald W. VandeWalle, C.J.


[¶11]   The Honorable Gary Lee, D.J., sitting in place of Jensen, J., disqualified.