# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 31

State of North Dakota,　　　　　　　　　　　　Plaintiff and Appellee

　　　v.

Randy Scott Jensen,　　　　　　　　　　　　Defendant and Appellant

## No. 20190321

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Carmell F. Mattison, Assistant State's Attorney, Grand Forks, N.D., for plaintiff and appellee; submitted on brief.

Kiara C. Kraus-Parr, Grand Forks, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1] Randy Scott Jensen appeals from a district court order denying his motion to correct an illegal sentence. Because Jensen was not given seven days to respond to the State's answer brief under N.D.R.Ct. 3.2(a)(2), we reverse the district court order and remand for an opportunity to respond.

I

[¶2] Jensen was released on parole from the state penitentiary in December 2017. About ten days later, he was arrested and charged in this case for drug offenses and unlawful use of license plates. He remained incarcerated until his August 2018 court trial. At trial, the district court found Jensen guilty on all counts. In October 2018, he was sentenced to four years' imprisonment with credit for 94 days served between July 1, 2018, and October 2, 2018.

[¶3] In August 2019, Jensen moved to correct his sentence under N.D.R.Crim.P. 35(a)(1), arguing he was owed credit for time spent incarcerated between his December 2017 arrest and October 2018 sentencing. The State filed an answer brief, arguing Jensen was not entitled to additional credit because he was held on the parole violation and other charges. The next day, the district court denied Jensen's motion.

II

[¶4] On appeal, Jensen argues the district court abused its discretion by denying his motion without giving him an opportunity to respond under N.D.R.Ct. 3.2(a)(2).

> We have said that "[t]he district court's decision to amend a judgment is subject to sound judgment and will not be reversed on appeal unless there is an abuse of discretion." *State v. Peterson*, 2016 ND 192, ¶ 8, 886 N.W.2d 71. A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies

the law. *Id.*; *see also State v. Moos*, 2008 ND 228, ¶ 30, 758 N.W.2d 674.

*State v. Myers*, 2017 ND 265, ¶ 6, 903 N.W.2d 520.

[¶5]   Rule 3.2(a)(2), N.D.R.Ct., provides:

> Briefs. Upon serving and filing a motion, the moving party must serve and file a brief and other supporting papers and the opposing party must have 14 days after service of a brief within which to serve and file an answer brief and other supporting papers. *The moving party may serve and file a reply brief within seven days after service of the answer brief*. Upon the filing of briefs, or upon expiration of the time for filing, the motion is considered submitted to the court unless counsel for any party requests oral argument on the motion.

(Emphasis added.)

[¶6]   Here, the district court denied Jensen's motion before seven days had passed after service of the answer brief. Because the time to reply had not expired, the motion was not yet submitted to the court under N.D.R.Ct. 3.2(a)(2). We conclude the district court misapplied the law in denying Jensen an opportunity to respond under N.D.R.Ct. 3.2(a)(2). *See State v. Vogt*, 2019 ND 236, ¶¶ 9–10, 933 N.W.2d 916 (district court's dismissal of petitioner's postconviction relief application on its own motion was inappropriate because he was not provided notice and an opportunity to be heard pursuant to N.D.R.Ct. 3.2). The district court's misapplication of Rule 3.2 was an abuse of discretion. Because the district court abused its discretion, we reverse the order denying Jensen's motion and remand for an opportunity to respond consistent with N.D.R.Ct. 3.2(a)(2).

III

[¶7]   We have considered the remaining arguments and conclude they are either unnecessary to our decision or do not affect the outcome of the appeal. We reverse the district court order denying Jensen's motion to correct an illegal

sentence and remand for an opportunity to respond consistent with N.D.R.Ct. 3.2(a)(2).

[¶8]   Jerod E. Tufte
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen, C.J.