# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 222

State of North Dakota,                                    Plaintiff and Appellee

v.

Rayce Kody Jaeger,                                    Defendant and Appellant

### No. 20250195

Appeal from the District Court of McHenry County, Northeast Judicial District, the Honorable Kari M. Agotness, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Oliver W. Bromke, State's Attorney, Towner, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Rayce Kody Jaeger appeals from two related orders that corrected the amount of credit he received for time served in the sentence issued after his probation was revoked. Jaeger argues the correction was a reduction in credit resulting in an illegal sentence because it conflicted with the district court's oral pronouncement at the revocation hearing. We affirm.

I

[¶2]   In February 2023, Jaeger pleaded guilty to felony child neglect in violation of N.D.C.C. § 14-09-22.1. He was sentenced to a term of five years with three years suspended, given credit for 375 days already served, a three-year term of supervised probation, and $5,000 in restitution. After Jaeger completed his initial term of imprisonment and was subject to supervised probation, the State filed a petition alleging multiple violations of Jaeger's probationary terms. At a revocation hearing held in October 2024, Jaeger waived his right to counsel and admitted all the alleged violations. Based on Jaeger's admissions, the district court revoked Jaeger's probation.

[¶3]   The district court imposed a new sentence of five years with one year suspended, credit for time already served, and a two-year term of supervised probation. The revocation hearing included discussions about both: (1) the time Jaeger had served on supervised probation for purposes of determining the maximum amount of time still available for supervised probation; and (2) the time Jaeger had already served incarcerated for purposes of determining the amount of credit he should receive. With respect to the latter, the court stated Jaeger would get credit for "two years plus when you were served with the revocation." After learning Jaeger had spent some time incarcerated between being arrested on the warrant and being served with the petition for revocation, and further learning the time served on the warrant did not involve any other charges, the court clarified Jaeger would also "get credit for when he was picked up on the warrant." The time between when Jaeger was picked up on the warrant

and the revocation hearing was twenty-four days. The oral statements of the court regarding the credit for time served added up to a total of two years and twenty-four days. The written order that followed the court's oral pronouncements reflected the amount of credit for time served as "3 years and 34 days[.]"

[¶4] In April 2025, the State filed a motion pursuant to N.D.R.Crim.P. 36 to correct a clerical error in the written order. The State argued the order conflicted with the district court's oral pronouncement of "two years plus when [Jaeger was] served with the revocation," but also acknowledged Jaeger had asked for the time between his arrest and the service of the revocation petition.

[¶5] The district court granted the State's motion. The court entered an order stating the original order revoking probation "incorrectly reflected Jaeger's credit as 3 years and 34 days[.]" The court found the correct credit should have been "2 years and 24 days," with two years for time served on the original sentence and twenty-four days for the time between Jaeger's arrest and resentencing. The court also entered an amended order revoking probation that was consistent with the order granting the State's motion. Jaeger filed a timely appeal of these two related orders.

II

[¶6] Jaeger argues the district court erred in granting the State's Rule 36 motion because the "reduction" in credit conflicted with the court's oral pronouncement at the revocation hearing. *See, e.g.*, S*tate v. Raulston*, 2005 ND 212, ¶ 8, 707 N.W.2d 464 ("When a direct conflict exists between an unambiguous oral pronouncement of a sentence and the written judgment and commitment . . . the oral pronouncement must control."). We review the court's decision to correct a clerical error in a judgment or order pursuant to Rule 36 for an abuse of discretion. *State v. Welch*, 2019 ND 179, ¶¶ 4-5, 930 N.W.2d 615. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *State v. Moos*, 2008 ND 228, ¶ 30, 758 N.W.2d 674.

2

[¶7]   Rule 36 states, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." N.D.R.Crim.P. 36. "As the explanatory note to N.D.R.Crim.P. 36 states, a clerical error involves a failure to record accurately a statement made or action taken by the court or one of the parties." *State v. Peterson*, 2016 ND 192, ¶ 17, 886 N.W.2d 71 (cleaned up).

[¶8]   In *Sampson v. State*, 506 N.W.2d 722 (N.D. 1993), a district court told a defendant he must serve a minimum of two years at the penitentiary when orally pronouncing sentence, but "the written judgment and commitment did not include [this] two-year minimum required by [N.D.C.C.] § 12.1-32-02.1(2)." *Id.* at 727. We held Rule 36 could be applied to correct this omission because "[t]he amended judgment and commitment did not make Sampson's sentence 'more onerous.' It merely corrected the clerical mistake in the original judgment by including the statutorily required mandatory minimum sentence that the trial court originally orally imposed." *Id.* Similar to *Sampson*, the court's correction of its clerical error did not make Jaeger's sentence more onerous, but merely corrected the clerical mistake in the original order inaccurately calculating the credit for time served.

[¶9]   In addition, consistent with Rule 36's explanatory note, the original written order revoking probation involved a failure to record accurately a statement made by the district court at the revocation hearing. At the revocation hearing, the court's unambiguous oral pronouncements indicated Jaeger would receive "two years" credit plus the time for when he "was picked up on the warrant," i.e., twenty-four days. The subsequent written order clearly appears to have been a clerical error stating "3" instead of "2" when referencing the number of years served, and likewise stating "34" instead of "24" when referencing the number of days served between Jaeger's arrest and his revocation hearing. The order correcting the clerical error thus falls within the purview of Rule 36.

[¶10] Our review of the record shows Jaeger incorrectly references the discussion about the time he had served on supervised probation for purposes of determining the time still available for supervised probation, as opposed to

the discussion about the time he had already served incarcerated for purposes of determining the credit for time served, to support his argument that the written order conflicts with the oral pronouncements at the revocation hearing. The district court was within its discretion to correct the original written order precisely because it conflicted with the unambiguous oral pronouncements at the revocation hearing. We affirm the court's order correcting its clerical error, as well as the related amended order revoking probation.[1]

III

[¶11] Jaeger also argues on appeal the district court's failure to appoint counsel to respond to the State's Rule 36 motion violated his constitutional right to counsel in sentencing modification proceedings, citing *Gideon v. Wainwright*, 372 U.S. 335 (1963). The constitutional right to counsel extends to "all critical stages of the prosecution[.]" *State v. Yost*, 2014 ND 209, ¶ 10, 855 N.W.2d 829. While Jaeger had a statutory (rather than constitutional) right to have counsel at the revocation hearing itself, *State v. Jensen*, 2010 ND 3, ¶ 8, 777 N.W.2d 847, he waived that right. Jaeger did not cite any cases where this Court has recognized the correction of a clerical error pursuant to N.D.R.Crim.P. 36—in the context of a probation revocation—constitutes a critical stage of the prosecution. On the contrary, this Court has said the whole process of probation revocation is not a critical stage of a criminal prosecution. *Id.*

[¶12] The district court did not violate Jaeger's constitutional right to counsel by not appointing him an attorney to respond to the State's Rule 36 motion.

IV

[¶13] We affirm the district court's correction of a clerical error in the orders challenged on appeal. We further conclude there was no violation of Jaeger's constitutional right to counsel.

---

[1] Our resolution of the Rule 36 issue as a clerical error renders moot Jaeger's claim that the correction of the error violated his double jeopardy rights.

[¶14] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr